## UNITED STATES v. BREEN.

*(Circuit Court, E. D. Louisiana. November 4, 1889.)*

CONSTITUTIONAL LAW—LEGISLATIVE POWERS—PROTECTING IMPROVEMENTS ON MISSISSIPPI.
    Act Cong. Aug. 11, 1888, § 5, (25 St. 424,) authorizing the secretary of war to make such rules and regulations as may be necessary to protect improvements on the Mississippi, and providing that any violation of such rules shall constitute a misdemeanor, etc., is not invalid as conferring legislative authority on the secretary, as he is only authorized to make the rules, and it is the act of congress which declares the violation to be a misdemeanor.

On Demurrer to Indictment.
*Chas. Parlange,* Dist. Atty.
*J. R. Beckwith* and *E. W. Huntington,* for defendant.
Before LAMAR, Justice, and PARDEE, J.

LAMAR, Justice. The question now for decision arises upon defendant's demurrer to the indictment against him, which, in substance, alleges that, under the provisions of section 5 of the act of congress, approved August 11, 1888, (25 St. 424,) the secretary of war was authorized to make such rules and regulations as might be necessary to protect the improvements then being made on the South pass of the Mississippi river, and to prevent any obstructions in said pass or injury to the work

then being done by the government upon the improvements being made; that the act further provided that any violation of the rules and regulations so made should constitute a misdemeanor against the United States; and that upon conviction for such violation, in any court of the United States having jurisdiction thereof, the defendant should be fined a sum not exceeding $500, and be imprisoned not exceeding six months, at the discretion of the court. The indictment further charges that the secretary of war, in pursuance of the authority so vested in him, did make, among other rules and regulations, the following:

"(1) Steam-vessels navigating the South pass are required to reduce their speed to not exceeding ten miles per hour, and from the pilot's station, at Picayune bayou, to the sea end of the jetties, the speed shall not exceed six miles per hour."

The indictment further alleges that after the making and promulgation of said rules and regulations, on the 4th day of November, 1888, within the jurisdiction of said court, the said Edward Breen unlawfully and willfully did violate the said rules and regulations, he (the said Edward Breen) then and there being and acting as pilot in and on board a certain steamer vessel, Ayshire, which vessel was then and there navigating the said South pass of said Mississippi river; and then and there having exercised the direction, management, and control of the navigation of said vessel, said Edward Breen did not then and there, as by said rules and regulations required, reduce the speed of said vessel to not exceeding 10 miles per hour, but did then and there navigate the said vessel at a greater rate of speed than 10 miles, contrary to the form of the statute of the United States of America in such case made and provided, and against the peace and dignity of the United States.

To the charges made in this indictment the defendant has interposed his general demurrer. The only ground relied upon in behalf of the defendant is, that the authority conferred by the act of congress on the secretary of war to make and promulgate said rules and regulations is legislative, and cannot, under the constitution of the United States, be, by act of congress, conferred upon the secretary of war, or any one else, so as to make a violation thereof a crime against the United States. Whether this is so or not is the only question to be determined.

If the law empowered the secretary of war, by rule or regulation, to make a certain act criminal, and punishable as such, then this prosecution would not be maintainable; but it is not the rule and regulation which declares the violation thereof a crime, and punishable. All that the secretary is authorized to do is to make the rule and regulation. It is the act of congress which declares that the unlawful and willful violation of such rule and regulation, after it is promulgated, shall be held a misdemeanor by the person violating the same, and that such person shall be sentenced to pay a fine not exceeding $500, and shall suffer imprisonment not exceeding six months, as a penalty therefor. Numerous acts of congress have been passed authorizing the postmaster general, and other members of the executive department, to make rules and regulations for the business pertaining to their respective depart-

ments, and declaring that, when made and promulgated, a willful and unlawful violation of them should be held a crime against the United States, and the violators punished as prescribed in the act. The supreme court of the United States is authorized by act of congress to adopt certain rules for the government of the inferior courts, which, when made, have the force and effect of law as much as if such rules were directly enacted by congress, and approved by the president. The same effect is to be given to the rule and regulation made by the secretary in this case. The act of congress denounces the violation of it as a crime, and prescribes the penalty. The criminality of the violation of the rule, and the liability of the offender to indictment and to punishment upon trial and conviction, result directly and exclusively from the legislation of congress. Numerous decisions made by the supreme court of the United States might be cited to maintain the position stated, but they are so well known to the profession that reference to them is deemed unnecessary. The demurrer is therefore overruled.

PARDEE, J. I concur in the foregoing opinion and ruling.