Argued 28 June, decided 1 August, rehearing denied 5 November, 1904.

## STATE *v.* BRIGGS.

[77 Pac. 750, 78 Pac. 361.]

CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER.*

1. A legislature cannot ●legate the power of making laws, or invest any person or board with an arbitrary discretion, but it can delegate the right to adopt suitable regulations or requirements connected with the enforcement of an act, such as the right to determine the qualifications of applicants for licenses to practice trades or professions requiring particular knowledge or skill.

An act such as Laws 1903, p. 27, prohibiting every unlicensed person from practicing the barber's trade or conducting a school of barbering, and providing for the appointment of a state barber board with power to prescribe the qualifications of barbers, is not unconstitutional as conferring arbitrary power on the board, in that the act does not prescribe the standard of knowledge or qualification required of prospective barbers.

DUTY OF BOARD OF BARBER EXAMINERS.

2. Laws 1903, p. 31, § 9, authorizing the board of barber examiners to prescribe the qualifications of barbers within the State, does not confer on the board arbitrary power to issue or refuse licenses at its pleasure, but the board is impliedly required to exercise the power conferred by prescribing fair and reasonable qualifications appropriate to the calling intended to be regulated, operating generally and impartially upon all applicants similarly situated.

QUESTION PRESENTED BY RECORD.

3. Where defendant was tried and convicted of a violation of Laws 1903, p. 27 § 1, making it unlawful for one not a registered barber to conduct a barber school without the permission of the board of barber examiners, and a motion in arrest of judgment was sustained on the theory that the law was unconstitutional, only the question of the validity of the law, and not the conduct of the board of examiners under it, was presented for consideration on appeal.

APPEAL—PRESUMPTION OF REGULARITY.

4 In a case involving the legality of a law creating a board with power to adopt rules, it will be presumed on appeal, in the absence of a showing in the record that the board acted within its powers.

STATUTES—TITLE OF ACT.

5. The matter of licensing barber schools is so far germane to and connected with the title of an act entitled "An act to regulate the pursuit, business, art, and avocation of a barber, the licensing of persons to carry on such business, and to insure the better qualification of persons following such business," as to be valid: Const. Or. Art. IV, § 20.

From Multnomah: MELVIN C. GEORGE, Judge.

The State appeals from an order arresting judgment after a conviction of H. L. Briggs for conducting a barber

---

*NOTE.—On the subject of Delegation of Legislative Power see notes in 11 L. R. A. 582; 31 L. R. A. 112; 39 L. R. A. 285 (briefs); and 80 Am. St. Rep. 212–224, where there is a note on Powers Which may be Delegated to Boards of Health.

REPORTER.

school without a license. The ground of the decision of the trial court was that the act establishing a board of barber examiners is unconstitutional. ·     REVERSED.

For the State there was a brief* over the names of *John Manning*, District Attorney, *Arthur ● Spencer, John H. McNary, John F. Logan,* and *Robert Galloway,* with an oral argument by *Mr. McNary.*

For respondent there was a brief and an oral argument by *Mr. Frank S. Grant* to this effect.

I. The barber act of 1903 is unconstitutional in that the legislature has not therein fixed the qualifications of a barber, but has delegated to a board the power to determine them, a thing that cannot be done under our system of government. The legislature can only delegate the power ·to determine some fact or thing upon which a statute makes or intends to make its own action depend : *Brown* v. *Fleischner,* 4 Or. 132; *State* v. *Gaunt,* 13 Or. 115 (9 Pac. 55); *Ex parte Cox,* 63 Cal. 21; *Schaezlein* v. *Cabaniss,* 135 Cal. 466 (87 Am. St. Rep. 122, 56 L. R. A. 733, 67 Pac. 577); *Boyd* v. *Bryant,* 35 Ark. 69 (37 Am. Rep. 6); *Dent* v. *United States* (Ariz.), 71 Pac. 920; *State* v. *Copeland,* 3 R. I. 33; *Fogg* v. *Union Bank,* 60 Tenn. 435; *Seneca Bank* v. *Lamb,* 26 Barb. 595; *Maxwell* v. *State,* 40 Md. 273; *Anderson* v. *Manchester Assur. Co.* 59 Minn. 182 (28 L. R. A. 609, 50 Am. St. Rep. 400, 60 N. W. 1095, 63 N. W. 241) : *Dowling* v. *Lancashire Ins. Co.* 92 Wis. 93 (65 N. W. 738); *Owensboro & N. R. Co.* v. *Todd,* 91 Ky. 175 (11 L. R. A. 285, 36 Am. St. Rep. 586, 11 S. W. 56); 22 Am. & Eng. Enc. Law (2 ed.), 920.

II. The legislature alone has the power to prescribe what qualifications are requisite to follow the business of barbering in this State, and that power cannot be dele-

---

*A synopsis of this brief is not given because it is substantially followed in the opinion of the court.—REPORTER.

gated : *State* v. *Randolph*, 23 Or. 74 (37 Am. St. Rep. 655, 17 L. R. A. 470, 31 Pac. 201); *State* v. *Creditor*, 44 Kan. 565 (21 Am. St. Rep. 306, 24 Pac. 346); *Ex parte McNulty*, 77 Cal. 165 (11 Am. St. Rep. 257, 19 Pac. 237); *Fox* v. *Territory*, 2 Wash. Ter. 297 (5 Pac. 603); *State* v. *Carey*, 4 Wash. 424 (30 Pac. 729); *Eastman* v. *State*, 109 Ind. 278 (58 Am. Rep. 400); *Orr* v. *Meek*, 11 Ind. 40 (111 N. E. 787); *State* v. *Green*, 112 Ind. 462 (14 N. E. 52); *Wilkins* v. *State*, 113 Ind. 514 (16 N. E. 192); *Langenberg* v. *Decker*, 131 Ind. 471 (16 L. R. A. 108, 31 N. E. 190); *Driscoll* v. *Commonwealth*, 93 Ky. 393 (20 S. W. 31); *State* v. *Fleischer*, 41 Minn. 69 (42 N. W. 696); *State* v. *Heinemann*, 80 Wis. 253 (27 Am. St. Rep. 34, 49 N. W. 818); *State* v. *Currens*, 111 Wis. 431 (56 L. R. A. 252, 87 N. W. 561); *State* v. *Knowles*, 90 Md. 646 (49 L. R. A. 695, 45 Atl. 877); *Gage* v. *Censors of N. H. Soc.* 63 N. H. 92 (56 Am. Rep. 492); *Dent* v. *West Virginia*, 129 U. S. 114 (9 Sup. Ct. 231); 22 Am. & Eng. Enc. Law (2 ed.), 738.

III. The act in question is purely an arbitrary attempt to vest an irresponsible discretion in a board composed of three barbers, from whose pleasure there is no appeal. It is such an unreasonable and arbitrary vesting of power that it should not be upheld by any court: *Noel* v. *People*, 187 Ill. 587 (79 Am. St. Rep. 238, 52 L. R. A. 287, 58 N. E. 616); *Yick Wo* v. *Hopkins*, 118 U. S. 356 (6 Sup. Ct. 1064); *Schaezlein* v. *Cabaniss*, 135 Cal. 466 (56 L. R. A. 733, 87 Am. St. Rep. 122, 67 Pac. 577.)

MR. JUSTICE BEAN delivered the opinion of the court.

The defendant was convicted for conducting a barber school in violation of an act of the legislature of 1903 (Laws 1903, p. 27), amendatory of the act of 1899 (Laws 1899, p. 237; B. & C. Comp. §§ 3841–3853), regulating the trade or calling of a barber, and providing for the licensing of persons carrying on such trade. Judgment

was arrested upon motion, however, the trial court hold-
ing the act in question unconstitutional and void on the
ground that it delegates to the board of barber examiners
legislative authority, and vests in them power to issue and
withhold licenses arbitrarily and at pleasure. If the law
is open to either objection, the judgment must be affirmed.
It is a settled maxim that the power conferred upon a leg-
islature to make laws cannot be delegated by that depart-
ment to another body or authority (Cooley, Const. Lim.,
7 ed., 163), and any statute attempting to vest in a board,
officer, or tribunal arbitrary power to issue or withhold
permission or license to practice any trade, profession, or
calling without regard to discretion, in the legal sense of
that term, or without regard to the qualifications of the
applicant, is void : *White* v. *Holman,* 44 Or. 180 (74 Pac.
933); *Yick Wo* v. *Hopkins,* 118 U. S. 356 (6 Sup. Ct. 1064);
*Noel* v. *People,* 187 Ill. 587 (58 N. E. 616, 52 L. R. A. 287,
79 Am. St. Rep. 238). Without setting out the provisions
of the law challenged in detail, it is sufficient for the pur-
poses of the question here involved that it defines what
shall constitute the occupation of a barber (Laws 1903,
p. 31, § 9); provides for the appointment of a board of ex-
aminers; defines the powers and duties of the board,
among which is "to make such by-laws as it may deem
necessary not inconsistent with the constitution of this
State, or with the provisions of this act, and shall pre-
scribe the qualifications of a barber in this State " (p. 27,
§ 2) ; declares that it shall be unlawful for any person not
registered to practice the business of a barber, or conduct
a barber shop or barber school, without the sanction of
the board (pp. 27, 32, §§ 1, 12); and provides a penalty
for the violation of its provisions: p. 31, § 10. While the
law defines what shall constitute a barber, it does not pre-
scribe the standard or degree of knowledge, learning, ex-

perience, or qualification which shall be required before
applicants shall be licensed or authorized to practice or
follow the trade or calling, but leaves that matter to be
determined by the board of examiners. This, it is argued,
renders the act void, because it is a delegation of legisla-
tive authority, and vests in the board arbitrary and un-
regulated powers. The position of the defendant is that,
while the legislature may lawfully regulate the trade or
calling of a barber, and require all persons following it to
register, or obtain certificates from the board of examin-
ers, it must provide in the act the standard of qualifi-
cation required, leaving to the board the mere duty of
ascertaining whether the applicant possesses such quali-
fication.

1. Legislative power cannot be delegated, and the legis-
lature cannot confer upon any person, officer, or tribunal
the right to determine what the law shall be. This is a
function which the legislature alone is authorized under
the constitution to exercise. The constitutional inhibi-
tion, however, cannot be extended so as to prevent the
legislature from conferring authority upon an adminis-
trative board to adopt suitable rules, by-laws, regulations,
and requirements to aid in the successful carrying out and
execution of a law it has passed. The doctrine on this
subject is admirably stated by Mr. Justice AGNEW, in
*Locke's Appeal*, 72 Pa. 491 (13 Am. Rep. 716), as follows:
"Then the true distinction, I conceive, is this: The legis-
lature cannot delegate its power to make a law, but it can
make a law to delegate a power to determine some fact or
state of things upon which the law makes, or intends to
make, its own action depend. To deny this would be to
stop the wheels of government. There are many things
upon which wise and useful legislation must depend, which
cannot be known to the lawmaking power, and must, there-
fore, be a subject of inquiry and determination outside of

the halls of legislation." It is well settled by a long line of authorities in harmony with this doctrine that the power given to an administrative board like the one now under consideration to prescribe rules and regulations reasonably adapted to carry out the purposes and object for which the board is created does not constitute an improper delegation of legislative authority. See *Blue* v. *Beach,* 155 Ind. 121, 133 (56 N. E. 89, 50 L. R. A. 64, 80 Am. St. Rep. 195), and cases there cited. Thus, the legislature of South Carolina passed an act giving the board of agriculture power to grant or refuse licenses to mine for phosphate rock in the property of the State, as the board might in its discretion deem best. The act was held valid, and not a delegation of legislative authority, the court saying: " It is undoubtedly true that legislative power cannot be delegated, but it is not always easy to say what is and what is not legislative power, in the sense of the principle. The legislature is only in session for a short period of each year, and during the recess cannot attend to what might be called the business affairs of the state. From the necessity of the case, as well as the character of the business itself, that must be performed by agents appointed for that purpose—such as the railroad commission, regents of the lunatic asylum, the state board of canvassers of elections, sinking fund commission, etc. The numerous authorities cited in the argument show conclusively that, while it is necessary that the law itself should be full and complete, as it comes from the proper lawmaking body, it may be—indeed, must be—left to agents in one form or another to perform acts of executive administration which are in no sense legislative": *Port Royal Min. Co.* v. *Hagood,* 30 S. C. 519 (9 S. E. 686, 3 L. R. A. 841).

The pure food law of Indiana provided that within ninety days after its passage the board of health should adopt

measures to facilitate the law's enforcement, and prepare
rules regulating minimum standards of food, defining spe-
cific adulterations, etc. It was held not an attempted del-
egation of legislative power. Mr. Justice HADLEY said:
"The obvious purpose of the provision last quoted was to
commit to a body of learned and scientific experts the duty
of preparing such rules and prescribing such tests as may
from time to time, in the enforcement of the law, be found
necessary in determining what combination of substances
are injurious to health, and to what extent, if at all, ad-
mixtures or deteriorations of foods and drugs may go with-
out injuriously affecting the health of the consumer. That
which is required of the State Board of Health has no sem-
blance to legislation. It merely relates to a procedure in
the law's execution for a reliable and uniform ascertain-
ment of the subjects upon which the law is intended to
operate": *Isenhour* v. *State,* 157 Ind. 517 (62 N. E. 40, 87
Am. St. Rep. 228). A law of Georgia vested in a railroad
commission authority to make reasonable and just rates
for freight and passenger traffic, to be observed by all rail-
roads doing business in the state, and the act was held
valid, the court saying: "It was not expected that the leg-
islature should do more than pass laws to accomplish the
ends in view. When this was done, its duty had been dis-
charged. All laws are carried into execution by means of
officers appointed for that purpose; some with more, others
with less, but all must be clothed with power sufficient for
the effectual execution of the law to be enforced. Legisla-
tive grants of power to the officers of the law to make rules
and regulations which are to have the force and effect of
laws are by no means uncommon in the history of our leg-
islation": *Georgia Railroad* v. *Smith,* 70 Ga. 694. An act
of Congress authorizing the Secretary of War to make such
rules and regulations as might be necessary to prevent ob-
structions in the Mississippi River provided that any viola-

tion of such rules and regulations should constitute a misdemeanor, and it was held that the act was not invalid because conferring legislative authority on the secretary, as he was only authorized to make rules, and it was the act itself which declared a violation to be a crime : *United States* v. *Breen*, (C. C.) 40 Fed. 402. The legislature may properly delegate to a board the power to determine what is a college in good standing or a reputable college, within the meaning of a law authorizing graduates of such a college to practice their profession : *Barmore* v. *State Board of Medical Examiners*, 21 Or. 301 (28 Pac. 8); *People ex rel.* v. *Dental Examiners*, 110 Ill. 180.

These authorities are directly to the purpose that in the regulation and licensing of trades, occupations, callings, and professions which affect the public welfare the legislature must enact the law necessary to accomplish the object in view; but it may be carried into execution by some officer or board appointed for that purpose, and such officer or board may be authorized to prescribe the qualifications of those desiring to follow such callings or professions. There are other cases holding laws of this character valid, although the point in issue here is not directly discussed in them. Thus, in West Virginia, every practitioner of medicine was required to obtain a certificate from the State Board of Health that he was a graduate of a reputable medical college, or that he had practiced medicine in the State continuously for ten years prior to the passage of the act, or that he had been found, upon examination by the medical board, qualified to practice medicine in all its branches. There was no provision in the statute as to the standard of qualification which the board should exact or enforce in its examination of applicants, that being left entirely to its judgment; and yet the law was held valid by both the supreme court of the State and of the United States : *West Virginia* v. *Dent*, 25 W. Va. 1;

*Dent* v. *West Virginia*, 129 U. S. 114 (9 Sup. Ct. 231). In the latter case Mr. Justice FIELD said: "No one has a right to practice medicine without having the necessary qualifications of learning and skill; and the statute only requires that whoever assumes, by offering to the community his services as a physician, that he possesses such learning and skill, shall present evidence of it by a certificate or license from a body designated by the State as competent to judge of his qualifications." The legislature of Alabama passed an act making it unlawful for an engineer of any railroad train to draw or operate an engine upon the main line or roadbed of any railroad without first undergoing an examination and obtaining a license from the board of examiners for locomotive engineers. The Supreme Court of the United States held the law valid, although it did not provide what should constitute the qualification of an engineer, but left that matter to the judgment of the board: *Smith* v. *Alabama*, 124 U. S. 465 (8 Sup. Ct. 564). A law of the State of New York providing for the examination and licensing of plumbers was held valid and constitutional, although it did not attempt to define the qualification which should be required of licensed plumbers, but vested that power in the board of examiners: *People ex rel.* v. *Warden*, 144 N. Y. 529 (39 N. E. 686, 27 L. R. A. 718). Similar statutes were upheld in Maryland (*Singer* v. *State*, 72 Md. 464, 19 Atl. 1044, 8 L. R. A. 551), and in Ohio: *State* v. *Gardner*, 58 Ohio St. 599 (51 N. E. 136, 41 L. R. A. 689, 65 Am. St. Rep. 785). Other cases to the same effect could be referred to, but these are sufficient to show that the provision of the act under consideration, vesting authority in the board of examiners to prescribe the qualifications of a barber, is not a delegation of legislative power.

It is sometimes said in opinions and in law books that, where a statute undertakes to regulate the licensing of call-

ings, trades, or professions, the extent of the qualifications required of the licensee must be determined by the judgment of the legislature; but this does not mean that the legislature must necessarily provide in the act itself the exact qualifications required. It may delegate that power to a board or commission created and authorized by it, which, in the exercise of the authority vested in it, acts on behalf of the State ; its conclusions and judgments, so long as exercised within the limits of the law, being the acts of the State, and binding as such. The nature and character of the profession, trade, or calling intended to be licensed or regulated often demands technical knowledge and learning in order to designate accurately the qualifications which should be possessed by those designing to follow it. In the nature of things, this is a matter outside the ordinary scope of legislative wisdom. The prescribing of the proper qualifications of applicants for licenses by some agent of the State, learned in such profession or calling, is not legislation, but rather the exercise of a mere administrative power. A law, when it comes from the legislature, must be complete, but there are many matters affecting its execution and relating to methods of procedure, which the legislature may properly delegate to some ministerial board or officer, and prescribing the qualifications of persons who shall be licensed to follow or engage in the practice of a given trade or profession is one of them.

2. Now, is the law in question open to the objection that it confers upon the board of barber examiners power to prescribe varying standards of qualifications for different applicants, or arbitrarily to grant or refuse a license at will? The authority to prescribe the qualifications of a barber is a general grant of power, and does not, like the laws held void in *Noel* v. *People*, 187 Ill. 587 (58 N. E. 616, 52 L. R. A. 287, 79 Am. St. Rep. 238), and *Yick Wo* v. *Hopkins*, 118 U. S. 356 (6 Sup. Ct. 1064), vest in the board

the absolute discretion to grant or withhold licenses. The board is required to exercise the power conferred by prescribing fair and reasonable qualifications appropriate to the calling intended to be regulated, operating generally and impartially upon all in like situations; and there is no pretense that it has not done so. If it should act arbitrarily or oppressively, its conduct might call for a remedy against the members of the board, but it would not furnish a ground for declaring the act invalid : *People* v. *Hasbrouck*, 11 Utah, 291, 306 (39 Pac. 918); *People ex rel.* v. *Warden*, 144 N. Y. 529 (39 N. E. 686, 27 L. R. A. 718); *People ex rel.* v. *Dental Examiners*, 110 Ill. 180. The constitutionality of a law is to be determined by its provisions, and not by the manner in which it may be administered; and, unless it conflicts with the constitution, the law is valid. The law here in question provides for the appointment of a board, made up of persons skilled in the calling, to which the duties imposed are intrusted for performance, and to which is committed the power of prescribing such qualifications for applicants applying for licenses desiring to practice the trade or calling of a barber as may be just and reasonable, and it must be presumed that the board will exercise fairly and impartially the powers conferred.

It follows that the judgment of the court below must be reversed, and it is so ordered.        REVERSED.

---

Decided 5 November, 1904.

ON MOTION FOR REHEARING.

PER CURIAM. By a petition for rehearing several points are raised and discussed which were not presented at the original hearing and are not mentioned in the briefs of either party. We have, however, examined the questions made, but deem them without sufficient merit to justify a rehearing. The section of the statute (Laws 1903, p. 27, § 1) making it unlawful for any person who is not a duly

registered barber to conduct a barber school without the sanction of the board of barber examiners does not, as we interpret it, vest in the board absolute power to grant or withhold such permission at its pleasure.   The section is a part of the general act regulating the pursuit, business, or calling of a barber, and must be construed in connection with the entire act.   There is no purpose indicated anywhere in the law to vest the board with absolute power in any respect.   It is not given authority to issue or withhold permission to conduct a barber school at its discretion, nor does the statute confer upon it a naked absolute power in that particular.   The power granted is to be exercised in a reasonable and just manner, having due regard to the qualifications and fitness of the applicant.

3. The point that the board must adopt proper rules and regulations, defining generally the qualifications of a barber, and the requirements which will be exacted of a licensee or of an applicant for permission to conduct a barber school, and, in the absence of such regulations first promulgated, it exercises arbitrary powers in granting or withholding a license or permission to conduct a school, is not presented by the record.   The defendant was tried and convicted.   A motion in arrest of judgment was afterward sustained on the theory that the law was unconstitutional.   The validity of the law, therefore, and not the conduct of the board under it, is the only question presented on the appeal.

4. There is no bill of exceptions, and the record does not disclose whether the board had or had not promulgated suitable rules and regulations, and until the contrary appears the court will assume that it has properly discharged its duties in that regard, whatever they may be.

5. The matter of the licensing of a barber school is so far germane to and connected with the title of the act as to be valid.       REVERSED; REHEARING DENIED.