Argued June 5; writ denied July 28, 1931

RING *v.* PATTERSON ET AL.

(1 P. (2d) 1105)

*I. C. Ankelis,* of Portland (Joseph F. Hodler, of Portland, on the brief), for petitioner.

*Wallace McCamant,* of Portland (McCamant & Thompson, of Portland, on the brief), for respondents.

ROSSMAN, J. Section 65-302, Oregon Code 1930, makes provision for the appointment by the governor of three pilot commissioners, and section 65-312 provides that it shall be the duty of the Board "to maintain a sufficient number of pilots upon the bar and river pilot ground to meet the demands of commerce", and that the Board shall (1) "examine and license pilots for said pilot grounds; (2) hear and determine all complaints against any of said pilots; (3) make and alter rules for the government of such pilots and the maintenance of an efficient pilot service on the pilot grounds aforesaid * * * and to enforce the same by any lawful and convenient means, including the suspension or removal of any such pilot and the imposition on him of a penalty not to exceed $250.00." Section 65-314 makes provision that any applicant for a license may file with the Board an application for a license, and if, upon careful examination, such applicant is found worthy and qualified "he shall be licensed for one year." Section 65-316 provides:

"No person shall be licensed as a pilot unless he is an American citizen of the age of 21 years at least, of temperate habits, and good moral character; nor unless he possesses the requisite skill and experience as a navigator and pilot, together with practical knowledge of the currents, tides, soundings, bearings and distances of the several shoals, rocks, bars, points of landings,

lights and fog signals of or pertaining to the navigation of the pilot ground for which he applies for a license to act as pilot, and an applicant for a license over river pilot ground must have at least one year's continuous experience piloting vessels in the domestic trade prior to making application for a license, and must have had the necessary experience in handling vessels through the bridges, with and without tow-boats, under varying conditions."

April 3, 1928, Captain Ring, our petitioner, filed an application with the Board for a state license entitling him to pilot vessels over the river pilotage grounds from the lowermost dock at the Port of Astoria to the head of navigation on the Columbia and Willamette rivers. April 10, 1928, the Board considered his application and requested him to supply it with a statement setting forth a list of all vessels handled by him as a pilot over the river grounds, including the rig of each, dates handled, between what points, draft, and net registered tonnage. The requested statement having been submitted, his application was again considered at the Board meeting held May 8, 1928. Upon the date just mentioned (according to the minutes of the Board) "there was read an opinion from the attorney general's office as to points raised in connection with an application by Frank M. Ring" and the Board having become satisfied requested Ring to appear before the Board at its regular meeting June 12, 1928. The Board's records show that, on June 12, the following occurred:

"Frank M. Ring appeared before the Board in connection with an application to be granted an original branch license for the Columbia and Willamette rivers, and discussed with members of the Board his experience on the river grounds between Astoria and Portland. Following that the Board decided to continue further consideration of the application until the next meeting."

The discussion which occurred between Ring and the members of the Board was of such a nature that both the Board and Ring considered it as an examination of the type mentioned in section 65-312, Oregon Code 1930, above quoted; Ring's petition, for instance, avers: ''All these matters were set forth and disclosed in the application made to said defendants, and thereafter the said facts were disclosed to said defendants upon examination held before said defendant commissioners.''

The three pilot commissioners, as witnesses in the present proceeding, testified that July 9, 1928, when the present proceeding was begun by the filing of the petition, they were still considering Ring's petition and had neither granted nor rejected it. They declared that the same condition was true at the time of the trial and added that they were still investigating Ring's competency and character. The petition does not allege that the defendants have unduly delayed the consideration of Ring's application, and the latter, as a witness, did not accuse the defendants of any dilatory or tardy action. All three commissioners testified that they bore Captain Ring no ill will; he did not dispute their statements.

Thus, it appears that the petition prays that the defendants, as quasi-judicial officers, exercise the discretion invested in them in a particular manner, that is, in favor of the petitioner. The authority to grant pilots' licenses is not an attribute of this court. It has been conferred upon the defendants exclusively. Moreover, all discretion incidental to the exercise of the power likewise belongs to the Pilot Commission and not to this court: *Portland v. Traynor*, 94 Or. 418 (183 P. 933, 186 P. 54, 6 A. L. R. 1410); *State v. Briggs*, 45 Or. 366 (77 P. 750, 78 P. 361, 2 Ann. Cas. 424); *Bar-*

*more v. State Board of Medical Examiners,* 21 Or. 301 (28 P. 8). Although the writ will issue against public officers with powers of a discretionary nature to spur them into motion or require their action upon all matters officially entrusted to their judgment, the courts will in no manner interfere with the exercise of their discretion by the issuance of the writ intended to dictate the judgment to be given: *Woodford v. Olcott,* 104 Or. 437 (208 P. 1113); *Salem Sand & Gravel Co. v. Olcott,* 97 Or. 253 (191 P. 776); *Benson v. Olcott,* 95 Or. 249 (187 P. 843); *State v. Malheur County Court,* 46 Or. 519 (81 P. 368). Nor can the writ be converted into a proceeding to revise and overturn faulty judgments or coerce the defendant officer into exercising his judgment in harmony with what the court might think should be the proper conclusion: *Woodford v. Olcott,* supra; *State ex rel. v. Board of Health of Hudson County,* 53 N. J. Law, 594 (22 Atl. 226); *Ewbank v. Turner,* 134 N. C. 77 (46 S. E. 508); *Williams v. State Board of Dental Examiners,* 93 Tenn. 619 (27 S. W. 1019); *State v. Gregory,* 83 Mo. 123, 53 Am. Rep. 565; *Van Vleck v. Board of Dental Examiners,* 5 Cal. Unrep. Cas. 636 (44 P. 223, 44 L. R. A. 635); *Raaf v. State Board of Medical Examiners,* 11 Idaho 707 (84 P. 33). Evidently recognizing the above principles of law, the petitioner sought to bring himself within an exception by charging that the commissioners had given themselves over to the control of the Columbia River Pilots Association, had refused to grant him a license unless he would become a member of that organization, and unless the Association favored his application. He relies upon the statement of the exception contained in 38 C. J., Mandamus, p. 598, section 74, where the writer states that the writ may issue when the discretion of the quasi-judicial

officer has been abused. In the determination of this issue of fact we feel justified in resorting to the presumption that official duty has been regularly performed (§ 9-807, Oregon Code 1930) which of necessity includes a disputable presumption that the public officer has reasonably exercised his discretionary power: *New York ex rel. v. Van De Carr,* 199 U. S. 552 (26 S. Ct. 144, 50 L. Ed. 305); *State v. Briggs,* 45 Or. 366 (77 P. 750, 78 P. 361, 2 Ann. Cas. 424). We have carefully read the testimony taken before the referee and have examined all of the exhibits introduced in evidence, but fail to find that a preponderance of the evidence indicates that the commissioners have subjected themselves to the dictates of the Columbia River Pilots Association. The issue is one of fact only, and, since no purpose would be served by an extended statement of our review of the evidence, we content ourselves with a statement of our finding that a preponderance of the evidence fails to substantiate petitioner's charge.

But even if one would be justified in concluding that the Board had been so unmindful of its duties and responsibilities as to surrender its judgment to the commands of the Columbia River Pilots Association, nevertheless, that circumstance alone would not entitle the petitioner to succeed. It would still be incumbent upon him to satisfy this court that he possessed the qualifications to capably discharge the duties of a pilot. Since the matter is still pending before the Board for a final decision, and since we do not care to embarrass that body with a statement of our findings, we shall conclude this phase of the case by resting our decision upon the finding that the evidence does not indicate that the commissioners have wrongfully failed to exercise their discretion.

■ The petitioner also seems to believe that the proof of his competency, submitted by himself, demanded that he should receive a license. The items of proof which he particularly mentions consist of a statement that he has handled vessels, either in the Portland harbor or upon the pilotage grounds between Portland and Astoria, for a total of 112 movements, and his possession of a license issued by the federal officers. Only 34 of the above movements consisted of the operation of vessels between Portland and Astoria. The largest of these vessels had a draft of 24½ feet; he handled this ship from Columbia City to Astoria. All of the other vessels were smaller. The commissioners, together with other witnesses, testified that Captain Ring's experience was insufficient to display the necessary navigating skill because it had been confined largely to vessels of small size. The mere fact that he possessed a federal license ought not demand the issuance of a state license; otherwise, the aforementioned Oregon statutes would become superfluous. Moreover, a federal license, under the practices in vogue under existing federal statutes, entitle the holder to navigate only vessels displaying the American flag: *State v. Ring*, 122 Or. 644 (259 P. 780); *Ring v. Oregon*, 276 U. S. 607 (48 S. Ct. 338, 72 L. Ed. 728). The evidence indicates that American ships entering the Columbia river are largely coastwise vessels of small dimensions. The foreign vessels which the defendant desires to pilot by virtue of the requested license are, according to the proof, much larger in all their dimensions than the American-owned ships. Hence, there is good reason why one desiring to pilot foreign vessels should be possessed of greater qualifications than is required of a pilot who handles coastwise vessels. We are, therefore, of the opinion that no abuse of discre-

tion was revealed when the above evidence failed to prompt the commissioners into the grant of a license.

██ Upon the presentation of the evidence, Captain Ring introduced, over objection of the defendants, testimony to the effect that one of the commissioners, F. N. Sweet, owned stock of the value of about $1,000 in the Arrow Tug & Barge Company, which owns a launch occasionally employed by pilots in carrying them to the incoming vessel at Astoria and returning them to the wharf again when the vessel reaches Astoria after its voyage from Portland. The corporation just mentioned has assets worth $75,000 to $80,000, and the operation of the aforementioned launch constitutes only one of many activities. Section 65-335, Oregon Code 1930, provides: "Neither of the commissioners nor the secretary must have any interest in a pilot boat or steam tug, nor in the earnings thereof, other than for the compensation herein provided; and anyone violating this section forfeits his office." No charge whatever is made in the petition which could have warranted the offer of this evidence. To the contrary, the petition recites that all three of the defendants are the Pilot Commissioners of this state. The above item of evidence was, therefore, inadmissible and must be disregarded. Moreover, we have held that a proceeding of this character cannot be converted into an inquiry into the official's title to his office: *Stevens v. Carter,* 27 Or. 553 (40 P. 1074, 31 L. R. A. 342); see generally 38 C. J., Mandamus, p. 923, § 683.

Having arrived at the above conclusions, it necessarily follows that the petition must be dismissed.

BEAN, C. J., RAND and KELLY, JJ., concur.