Argued April 5; affirmed April 17, 1934

CAPLES ET AL. *v.* McNAUGHT ET AL.

(31 P. (2d) 780)

*Ashby C. Dickson,* of Portland (Dickson & Dickson, of Portland, on the brief), for appellants.

*Jay Bowerman,* of Portland (I. H. Van Winkle, Attorney-General, on the brief), for respondents.

BEAN, J. It is the contention of plaintiffs that the defendants, the board of pilot commissioners of Oregon, have their powers and duties defined in section 65-312, Oregon Code 1930, and that defendants are about to exceed their authority and abuse the discretion allowed by the statute. Plaintiffs allege that there have been issued and are now outstanding eleven branches or warrants for bar pilots, eight of whom are actively engaged in piloting ships over the bar at the mouth of the Columbia river, and thirty-one branches or warrants to river pilots of whom thirty are actively engaged in piloting ships on the Columbia and Willamette rivers; that the piloting business on the Columbia and Willamette rivers for six months in 1930 has suffered a decrease of more than 30 per cent and that there is not a sufficient number of ships entering the Columbia river to justify the issuance of more branch licenses or warrants; that defendants have before them an application for a branch license or warrant, and unless restrained will grant the same, to the impairment of plaintiffs' income to their irreparable damage, as they have no other occupation or means of livelihood.

■ Chapter 3, Title LXV, Oregon Code 1930, is the code of this state dealing with pilot commissioners and pilots. Section 65-312 provides:

"The board has the power and it is its duty under this act to maintain a sufficient number of pilots upon the bar and river pilot ground to meet the demands of commerce, and to exercise a general supervision over the subject of pilotage upon said grounds, and to that end they may do and provide as follows:

"1. Examine and license pilots for said pilot grounds.

\*     \*     \*     \*     \*

"3. Make and alter rules for the government of such pilots and the maintenance of an efficient pilot service on the pilot grounds aforesaid not inconsistent with the laws of this state or the United States, and to enforce the same by any lawful and convenient means, including the suspension or removal of any such pilot and the imposition on him of a penalty of not to exceed $250 for any violation thereof."

Section 65-314 provides as follows:

"An application for a pilot's license must be made in writing to the board, stating briefly the applicant's name, place of birth, age, and experience as a navigator and pilot, and if, upon careful examination, such applicant is found worthy and qualified as herein provided, he shall be licensed for the term of one year."

Section 65-315 provides for the removal of licenses; section 65-316 defines the qualifications of a pilot; section 65-324 provides the maximum compensation for piloting a vessel on bar pilotage grounds.

Under the statute it is the duty of the pilot commissioners to maintain a sufficient number of pilots upon the bar and river pilotage grounds to satisfy the demands of commerce. The number of pilots necessary

for that purpose is left to the judgment and sound discretion of the board by virtue of the provisions of the statute.

The jurisdiction of equity to enjoin the acts of officers whose duties partake of an executive or quasi-judicial character is usually founded on a clear abuse of discretion, or the exercise of unauthorized powers. The true test in all such cases is as to the nature of the specific act in question rather than as to the general functions and duties of the officer. If the act which is sought to be enjoined is executive instead of min-isterial in its character, or if it involves the exercise of judgment and discretion on the part of an officer, as distinguished from a clearly ministerial duty, its performance will not be prevented by injunction, ex-cept in case of a clear abuse of discretion: 2 High on Injunctions (4th Ed.) 1338, § 1326; *Riesland v. Bailey,* 146 Or. 574 (31 P. (2d) 1105).

██ In the discharge of their duties as pilot com-missioners the defendants act as quasi-judicial officers exercising the discretion invested in them by law: *Ring v. Patterson,* 137 Or. 234, 238 (1 P. (2d) 1105). In the above named case of *Ring v. Patterson,* which was an original proceeding in mandamus to compel the issuance of a pilot license to the petitioner, the court said:

"The authority to grant pilots' licenses is not an attribute of this court. It has been conferred upon the defendants exclusively. Moreover, all discretion inci-dental to the exercise of the power likewise belongs to the Pilot Commission and not to this court. * * * Although the writ will issue against public officers with powers of a discretionary nature to spur them into motion or require their action upon all matters officially entrusted to their judgment, the courts will in no manner interfere with the exercise of their dis-

cretion by the issuance of the writ intended to dictate the judgment to be given. * * * Nor can the writ be converted into a proceeding to revise and overturn faulty judgments or coerce the defendant officer into exercising his judgment in harmony with what the court might think should be the proper conclusion. * * *''

The complaint does not show that there has been or is threatened any abuse of discretion vested in the pilot commissioners by the law. It is meet and proper for the commissioners to authorize a sufficient number of pilots so that there would be no combination entered into which would be detrimental to commerce over the bar and up and down the river. The statute does not fix a minimum charge but only a maximum charge for bar pilot service. If a limited number of bar pilots were enabled to and did charge the maximum charges under the competitive conditions prevailing between the north Pacific ports, the pilots might easily drive much commerce away from the Columbia river. The fixing of a fair and necessary number of pilots and the exercise of a general supervision over the subject of pilotage devolves upon the pilot commissioners. The discretion of the commissioners should be exercised in the matter and not the discretion of the courts or the plaintiffs. As changes may occur the legislature has wisely authorized the board to make and alter rules for the government of such pilots.

In so far as alleged in plaintiffs' complaint, the board is carrying out the letter and spirit of the legislative enactment and the courts should not interfere.

The demurrer to the complaint was properly sustained. Judgment affirmed.

RAND, C. J., and CAMPBELL and BAILEY, JJ., concur.