Submitted on record and appellant's brief July 19, reversed and remanded August 2, reconsideration allowed by opinion, former opinion withdrawn September 20, 1976, petition for review pending

ACCIDENT PREVENTION DIVISION, *Petitioner,*

*v.*

SUNRISE SEED COMPANY, *Respondent.*

(SH-75-107, CA 5908)

552 P2d 558

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, filed the brief for petitioner.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

This is a proceeding under the Oregon Safe Employment Act, ORS 654.001 to 654.295. When the respondent failed to correct a violation of the requirements of the Act within the period of time fixed for correction, contrary to ORS 654.071(4), and, in fact, did not correct the condition until the expiration of an additional seven-day period, the Accident Prevention Division (an entity created by the Oregon Safe Employment Act) imposed a penalty of $25 per day for a total of $175 under the provisions of ORS 654.086(1)(d) which provides:

> "(1) The board or its authorized representative is hereby granted the authority to assess civil penalties as provided by this section for violation of the requirements of any state occupational safety or health statute or the lawful regulations, rules, standards or orders adopted or promulgated thereunder.

> "(d) Any employer who receives a citation, as provided in subsection (4) of ORS 654.071, for failure to correct a violation may be assessed a civil penalty of not more than $1,000 for each day during which such failure or violation continues."

Respondent sought and received a hearing before a referee pursuant to ORS 654.290, contending that the penalty imposed was excessive. The sole issue is whether the respondent had the burden of proving its contention or whether the Accident Prevention Division had the burden of proving the penalty imposed was reasonable.

The referee held the latter. We disagree. The general rule is that he who initiates a proceeding has the burden of proving his contentions. ORS 41.210 and 41.360(15). *See also, Ring v. Patterson,* 137 Or 234, 1 P2d 1105 (1931); *Oregon Printing Ind. v. Chamberlain,* 2 Or App 401, 467 P2d 657, Sup Ct *review denied* (1970). We find nothing in the Oregon Safe Employment Act to the contrary.

Reversed and remanded.