ACCIDENT PREVENTION DIVISION, *Petitioner,*

*v.*

SUNRISE SEED COMPANY, *Respondent.*

(SH-75-107, CA 5908)

554 P2d 550

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for petition.

No appearance contra.

SCHWAB, C. J.

**SCHWAB, C. J.**

This case is before us again on the Accident Prevention Division's petition for reconsideration.

The Division cited Sunrise Seed Company for a violation of the Oregon Safe Employment Act, ORS 654.001 to 654.295, and imposed a penalty of $175. Sunrise Seed sought and received a hearing before a referee pursuant to ORS 654.290, contending that the penalty was excessive. The referee ruled that the Division failed to prove the reasonableness of the penalty.

The Division appealed to this court. We held that generally one who initiates a proceeding has the burden of proving his contentions, and that therefore Sunrise Seed should have had the burden of proving the penalty to be unreasonable. *Acc. Prev. Div. v. Sunrise Seed,* 26 Or App 361, 552 P2d 558 (1976).

The Division's petition for reconsideration cites an administrative regulation that allocates the burden of proving "the reasonableness of a contested proposed civil penalty" to the Division. OAR 436-85-635.[1] No party had previously cited this regulation. No party now suggests any reason why this regulation, even though contrary to the prevailing general rule, is invalid.

Under OAR 436-85-635 the referee correctly assigned the burden of proof to the Division.

---

[1] OAR 436-85-635 provides:

"(1) The Accident Prevention Division has the burden of proving, by a preponderance of the evidence:

"(a) A contested alleged violation;

"(b) The reasonableness of a contested proposed civil penalty;

"(c) The reasonableness of a contested abatement period.

"(2) The party who requests a hearing to contest an Accident Prevention Division order which grants or denies a requested extension of an abatement period has the burden of proving that the order is unreasonable.

"(3) The party who requests a hearing to contest an Accident Prevention Division order which proposes to grant, deny, modify or revoke a variance has the burden of proving that the order is unreasonable."

The Division nevertheless contends in its petition for reconsideration that it satisfied its burden under the regulation. It argues that since the potential penalty was $1,275,[2] a $175 penalty is reasonable as a matter of law.

We disagree. Reasonableness is not a bald arithmetic comparison; it necessarily depends upon the circumstances of the violation. Here the Division presented absolutely no evidence on the circumstances of the violation in question. While the penalty here imposed probably warranted only a modicum of proof, on such a record, which contains none at all, we cannot say the referee erred in ruling the Division failed to sustain its burden under OAR 436-85-635.

Petition for reconsideration granted; former opinion withdrawn; affirmed.

---

[2] OAR 436-46-370 seems to allow a penalty of $25 per day for violation of the Oregon Safe Employment Act. The parties agree that the violation for which Sunrise Seed was cited remained uncorrected for 51 days.