Allison *vs.* Thomas *et al.*

JAMES A. ALLISON, administrator, plaintiff in error, *vs.* HENRY R. THOMAS, executor, *et al.*, defendant in error.

(BY TWO JUDGES.)  1. It is necessary for an administrator to file the tax affidavit required by Act of 1870, even though there are no debts, and a widow and minor are interested with others in the estate.

2. Every presumption will be made in favor of the constitutionality of an Act of a State Legislature. Where this Court has decided an Act of the Legislature constitutional, under which decision many private rights have been settled, and to disturb which might unsettle many others, and perhaps prove a great hardship to the plaintiffs in those cases already adjudicated, the doctrine of *stare decisis* applies. 27th February, 1872.

Relief Acts of 1870.   Constitutional Law.   Before Judge HARRELL.   Randolph Superior Court.   May Term, 1871.

Allison, as administrator of Key, sued Thomas, as executor of J. W. Thomas, and Douglass, as security, upon their promissory note made in 1860. No defense was filed. But plaintiff had filed no affidavit of having paid the taxes on the debt, as required by the Relief Act of 1870. To excuse himself, he proposed to prove that Key's estate owed nothing, and that two of his heirs-at-law were his widow and a minor, and contended that if the Acts were constitutional, which he denied, his case was excepted by its 14th section. The Court dismissed the cause for want of said affidavit. That is assigned as error on said grounds.

HOOD & KIDDOO, for plaintiff in error.

E. L. DOUGLASS; C. B. WOOTEN, for defendant.

MONTGOMERY, Judge.

The Court below dismissed this case for want of the tax affidavit required by the Relief Act of 1870, the suit being upon a note made before June, 1865. The plaintiff offered to show that the estate owed no debts, and that two of the heirs were a widow and minor, there being also adult heirs. The Court refused to let the proof be made. Plaintiff also objected to the dismissal on the ground that the Act of 1870 was contrary both to the Constitution of the United States and to that of Georgia.

The Court held the Act to be constitutional, and plaintiff excepted. Upon the hearing before this Court, counsel submitted the constitutional point without argument. And hence the decision in this case, as to that point, is placed upon the prior ruling of the Court holding the Act in question to be constitutional. After the present case had been heard, the constitutional question was elaborately argued in the cases of *The Macon and Augusta Railroad Company vs. Little, executor,* and *Johnson, administrator, vs. Sayre et al.,* decided at the present term, to which cases reference is made for the views of each member of the Court upon the subject.

We affirm the judgment of the Court below upon both rulings. If the widow and minor had been the *sole* heirs, the case would have fallen within the 14th section of the Relief Act. As it stands, we think the taxes should have been paid and the usual affidavit filed.

Judgment affirmed.