### ELIOPOLO v. STUBBS.

1. Section 5335 of the Civil Code (1910) provides for the abatement of a blind-tiger nuisance by established equitable procedure. Sections 5336 and 5337 apply to cases where the person alleged to carry on the nuisance is unknown or concealed and is proceeded against as such.
2. Section 5335 does not offend the constitutional guaranty of the equal protection of the laws to all citizens.

3. The present proceeding is against a known defendant alleged to be operating a blind-tiger nuisance at a designated place. The defendant is not being proceeded against as an unknown or concealed person, and therefore is not concerned with the constitutionality of sections 5336 and 5337, which are not applicable to the case alleged against him. One who would strike down a statute as unconstitutional must show that it affects him injuriously, and actually deprives him of a constitutional right.

JUNE 25, 1915.

Equitable petition. Before Judge Charlton. Chatham superior court. April 23, 1914.

*Robert L. Colding* and *Osborne & Lawrence,* for plaintiff in error. *George H. Richter,* contra.

EVANS, P. J. This was a petition by W. B. Stubbs against J. G. Eliopolo, to enjoin the defendant from the operation of a nuisance, commonly called a "blind tiger." It was alleged in the petition, that the defendant was the owner or proprietor of a place at 430 West Broad Street in Savannah, where spirituous, malt, and intoxicating liquors were being sold in violation of law, that the defendant was guilty of maintaining and running a "blind tiger," and that the same was a continuous nuisance, and subject to abatement; and the prayer was that the place be declared a nuisance and be abated by law, and the defendant be enjoined from keeping and maintaining the place for the illegal sale of intoxicating liquors. There was a further prayer that the officers serving the petition be directed, if necessary, to arrest those in charge of the place and seize their stock in trade and bring them before the court to be dealt with as the law directs, and to break open such place of illegal sale, if necessary, for the purpose of executing this order, and to seize the books and papers therein necessary to show the sale and keeping of such liquors or the purchase of such liquors. The court granted an order temporarily restraining the defendant from selling any spirituous, malt, or intoxicating liquors on the premises, until the final hearing in the cause. The defendant was personally served with a copy of the petition and process. He demurred to the petition, on the ground that the law (Civil Code, (1910), §§ 5335 et seq.) authorizing the abatement of a blind-tiger nuisance was unconstitutional. The various grounds of constitutional objection are grouped by the plaintiff in error, as raising only three objections, namely, that the statute (*a*) denies to per-

sons the equal protection of the laws, (*b*) permits the taking or damaging of property without due process of law, and (*c*) authorizes an unreasonable search without probable cause, and without describing the person or things to be searched and seized. The demurrer was overruled, and the defendant excepted.

1. The code sections above referred to are as follows: § 5335. "Any place commonly known as a 'blind tiger,' where spirituous, malt, or intoxicating liquors are sold in violation of law, shall be deemed a nuisance, and the same may be abated or enjoined as such, as now provided by law, on the application of any citizen or citizens of the county where the same may be located." § 5336. "If the party or parties carrying on said nuisance shall be unknown or concealed, it shall be sufficient service, in the abatement or injunction proceedings under the preceding section, to leave the writ, or other paper to be served, at the place where such liquor or liquors may be sold, and the case may proceed against 'parties unknown,' as defendants." § 5337. "The court shall have authority to order the officers to break open such 'blind tiger' and arrest the inmates thereof, and seize their stock in trade, and bring them before him to be dealt with as the law directs." These sections are a codification of the act of 1899 (Acts 1899, p. 73). The general design of the legislation was to supply a civil remedy for the protection of citizens in the vicinity of the place where intoxicating liquors were being unlawfully sold. The procedure was adjusted to cases where the nuisance was maintained either by a known person or by one who was unknown or concealed. With respect to the former it was contemplated that service should be had in the manner usual in equity cases. The last two sections were designed to provide for service, and further procedure, in case the person carrying on the nuisance was unknown or concealed. The second of these sections (5336) by its own terms is limited to procedure for the enjoining of a nuisance carried on by persons unknown or concealed. The last section (5337) has reference to a proceeding brought against unknown or concealed persons, and has no application to a proceeding instituted under § 5335, against a known defendant. This is illustrated by the words, "break open such 'blind tiger' and arrest the inmates" etc. We therefore think that section 5337 relates to section 5336, and is applicable only in proceedings against unknown or concealed persons.

2. The petition in the present case is against a known defendant, to enjoin him from maintaining a blind-tiger nuisance at a specified place, and falls within the provisions of section 5335. It is contended that this section is violative of the constitutional guaranty of the equal protection of the law, in that it does not subject others similarly situated to such jurisdiction; and, further, because other nuisances are abated by statutory remedies, and that the classification of this particular nuisance as abatable by injunction is arbitrary, and particularly so because under the general law a private person can only enjoin a public nuisance by showing special injury, which is not required by this act. It is well settled that there is no inherent right in a citizen to sell intoxicating liquors at retail. It is not a privilege of a citizen of the United States. It may be entirely prohibited by State legislation, or be permitted under such conditions as will limit its evil. Crowley v. Christensen, 137 U. S. 86 (11 Sup. Ct. 13, 34 L. ed. 620). Having the right to prohibit the sale, it is just as much within the constitutional power of the legislature to provide a specific civil remedy to root out the evil of the business, at the suit of a private citizen, as it is to enforce the legislative prohibition of the sale by a public prosecution of the retailer. Its provisions extend to all persons who engage in the illegal sale of liquor. The statute has been construed by this court. Legg v. Anderson, 116 Ga. 401 (42 S. E. 720). It was there said: "The purpose of the act was to provide that a nuisance may be abated by injunction, to be issued in the manner provided by law, that is, upon application to the judge of the superior court, upon a sworn petition and after a hearing, the judge having a right to grant a temporary restraining order until the interlocutory hearing, and a temporary injunction until the final hearing, and a permanent injunction after a hearing before a jury under existing rules. When the act is so construed, it is in effect a declaration by the legislature that a blind tiger is a public nuisance, and may be abated by injunction issued upon the application of any citizen of the county, without regard to whether there are other remedies which might or might not bring about this result." The first section of the act (§ 5335) is not subject to the constitutional objections made against it.

3. The other sections are said to be violative of the due-process clause of the constitution, because they allow the property of a citizen

to be taken or damaged without any previous notice; and also violative of the constitution, as permitting an unreasonable search of a citizen's premises without probable cause, and without describing the person or things to be seized or searched. We do not think this plaintiff in error is in position to raise this constitutional objection to §§ 5336, 5337, for the reason that the plaintiff is not proceeding against him as an unknown or concealed person. The petition alleges that he is carrying on a blind-tiger nuisance at a particularly designated place. We construe the petition as being brought under section 5335, and hold that the last two sections are not applicable to the case, and that so much of the prayer as refers to any procedure authorized therein is not germane to the case as alleged. So far as the procedure against the plaintiff in error is involved, it is in strict conformity to the statute as construed in *Legg* v. *Anderson,* supra. It is a fundamental principle that one who would strike down a statute as unconstitutional must show that it affects him injuriously, and actually deprives him of a constitutional right. Southern Railway Co. *v.* King, 217 U. S. 524 (30 Sup. Ct. 594, 54 L. ed. 868); *Vestel* v. *Edwards,* 143 *Ga.* 368 (85 S. E. 187). It is a reply to these constitutional assaults, that the present proceeding is not an undertaking to deprive the plaintiff in error of any property without notice, or to command any search of his premises; and he is not in a position to insist upon the unconstitutionality of sections 5336 and 5337, which are not applicable to the case against him.

*Judgment affirmed. All the Justices concur.*