## COOPER *et al. v.* ROLLINS *et al.*

1. This court will not declare an act of the legislature unconstitutional, unless the conflict between the act and the constitution is clear and palpable.

2. What trades or occupations shall be regulated, and the nature and extent of the regulations to be applied, are questions for the legislature to determine, and fall within the proper exercise of the police power of the State; and unless the regulations are so unreasonable and extravagant that the property or personal rights of the citizen are unnecessarily and arbitrarily interfered with, without due process of law, they do not extend beyond the power of the State to pass.

3. The act of the legislature " regulating the occupation of barbers," approved August 17, 1914 (Acts 1914, p. 75), as amended by the act of 1920 (Acts 1920, p. 109), is not unconstitutional, (a) because it violates the provision of our State constitution which provides that " Laws of a general nature shall have uniform operation throughout the State," or (b) because it violates the equal-protection clauses of the fourteenth amendment of the constitution of the United States and of the constitution of this State.

No. 2405.  FEBRUARY 14, 1922.  REHEARING DENIED MARCH 1, 1922.

Petition for injunction.  Before Judge Pendleton.  Fulton superior court.  December 23, 1920.

Plaintiffs filed their equitable petition on their behalf and on behalf of all other persons similarly situated, seeking to have the " barber act " and its administration declared to be un-constitutional.  The plaintiffs are residents of Georgia.  The suit is brought against R. E. Rollins, L. E. Cooper, and W. H. Bedgood as members of the State Board of Barber Examiners. Bedgood was stricken as a defendant, and B. E. Archer was sub-stituted in his place as a member of said board.  Plaintiffs al-leged that the act as amended, creating this board, is uncon-stitutional, (a) because it discriminates between barbers and those engaged in other kinds of manual labor; (b) because it does not operate uniformly throughout the State, but is ap-plicable only to barbers in cities and towns in excess of five thousand inhabitants; (c) because it violates art. 1, sec. 4, of the constitution of this State, and the fourteenth amendment to the constitution of the United States, in that section 9 of the original act exempts from its provisions barbers engaged within the State at the date of such act and who had been practicing such occupation for a period of three years prior to its approval; (d) because it violates the same provisions of the State and Federal constitutions, for the reason that it permits barbers who had been engaged in their trade for the period of three years prior to the approval of this act to continue their occupation by making an affidavit of these facts and paying the sum of two dollars, while a person who had learned to practice such occupation without the State is required to pay the sum of five dollars and to submit to an examination before said board; (e) because the classification of towns and cities into those having populations in excess of five thousand inhabitants and those having less population, and mak-

ing said act applicable to those of the former population, and not to those of the latter, is arbitrary and unreasonable.

It was agreed between the plaintiffs and the defendants, in the court below, that the only question involved was the constitutionality of this law upon the several grounds set forth in the petition.

*Roy Lewis, J. L. Anderson,* and *John T. Pearson,* for plaintiffs.

*James A. Miller* and *Bond Almand,* for defendants.

HINES, J. (After stating the foregoing facts.)

1. Every presumption will be made in favor of the constitutionality of an act of the legislature. *Allison* v. *Thomas,* 44 *Ga.* 649. Before an act of the legislature will be declared unconstitutional, the conflict between the act and the fundamental law must be clear and palpable. *Wellborn* v. *Estes,* 70 *Ga.* 390. A State statute will not be set aside by the courts in a doubtful case. *Macon & Western R. Co.* v. *Davis,* 13 *Ga.* 68, 83. These elementary principles do not require any elucidation. They have become firmly imbedded in the constitutional law of the State, and should not be departed from.

2. It is urged that this act is unconstitutional because it discriminates between persons engaged in the trade of barbering and persons engaged in other trades involving manual labor. This involves the question whether the legislature has the power to require the members of one trade or occupation to be examined and licensed, without requiring the members of all other trades or occupations to be so examined and licensed. Is it a denial of the equal protection of the law to require those who are engaged in the pursuit of one trade to be examined and licensed, while the legislature does not require those engaged in other occupations to be so examined and licensed? At this time the question does not admit of debate. The courts are generally agreed that it is competent for the legislature to prohibit persons from practicing the calling of a barber without first having obtained a license or certificate of registration. State *v.* Sharpless, 31 Wash. 191 (71 Pac. 737, 96 Am. St. R. 893); State *v.* Walker, 48 Wash. 8 (92 Pac. 775, 15 Ann. Cas. 257); State *v.* Zeno, 79 Minn. 80 (81 N. W. 748, 48 L. R. A. 88); State *v.* Armeno, 29 R. I. 431 (72 Atl. 216); Ex parte Lucas, 160 Mo. 218 (61 S. W. 218); State *v.* Briggs, 45 Or. 366 (77 Pac. 750, 78 Pac. 361, 2 Ann. Cas. 424). The power of the legislature to regulate this trade and to require

barbers to be examined and licensed is derived from the police power of the State. This power enables the legislature to make all needful rules and regulations for the health, safety, and welfare of the people of the State. The health of the citizens as affected by diseases spread from barber shops conducted by unclean and incompetent barbers is justification for such laws. 12 C. J. 924, § 432.

The regulation of the occupation of barbers, and leaving other occupations of like kind unregulated, is not a denial of the equal protection of laws, within the meaning of the fourteenth amendment to the constitution of the United States. What such regulation shall be, and to what particular trade or business such regulation shall apply, are questions for the State to determine, and their determination comes within the proper exercise of the police power of the State; and unless the regulations are so unreasonable and extravagant in their nature and purpose that the property or personal rights of the citizens are unnecessarily and in the main arbitrarily interfered with or destroyed, and without due process of law, they are not beyond the power of the State to pass. Gundling v. Chicago, 177 U. S. 183 (20 Sup. Ct. 633, 44 L. ed. 725) ; Williams v. Arkansas, 217 U. S. 79, 88 (30 Sup. Ct. 493, 54 L. ed. 673, 18 Ann. Cas. 865).

3. It was insisted by counsel for the plaintiffs in error that this statute violates article 1, section 4, paragraph 1, of the constitution of this State (Civil Code, § 6391), which declares that " Laws of a general nature shall have uniform operation throughout the State." The act declares that " it shall be unlawful for any person to follow the occupation of barbering in cities or towns in excess of five thousand inhabitants, unless he will have first obtained a certificate of registration as provided in this act." It is insisted that this classification of the cities and towns of the State into those having populations in excess of five thousand inhabitants and into those having less than such number of inhabitants, and making this act applicable only to barbers following their occupations in cities or towns having populations in excess of five thousand inhabitants, violates this provision of the State constitution. In this we do not agree with the learned counsel for the plaintiffs in error. The constitution of Georgia recognizes certain territorial jurisdictions, such as the State, its

counties, cities, and militia districts. Whatever laws apply to all or any one of these territorial jurisdictions as a class can not be called special laws, but are general statutes having uniform operation throughout the State. *Starnes* v. *Mutual Loan & Banking Co.,* 102 *Ga.* 597 (29 S. E. 452).

The act involved in the case last cited was one fixing the venue of justices' courts in cities having a population of more than five thousand inhabitants.

Our State constitution only requires a law to have uniform operation; and that means that it shall apply to all persons, matters, or things which it is intended to affect. If it operates alike on all who come within the scope of its provisions, constitutional uniformity is secured. Uniformity does not mean universality. This constitutional provision is complied with when the law operates uniformly upon all persons who are brought within the relations and circumstances provided by it. *Crovait* v. *Mason,* 101 *Ga.* 246 (28 S. E. 891). This act operates upon all barbers in towns and cities throughout the State having populations in excess of five thousand inhabitants; and is therefore uniform in its operation.

5. It is next insisted that this act violates both the State and the Federal constitutions, because it denies to the barbers of the State the equal protection of the laws. It is asserted that section 9 of the original act exempts from its provisions barbers engaged within the State at the date of the approval of the act and who had been practicing their trade for a period of three years prior to its approval, and permits such barbers to continue their occupations by making an affidavit of these facts and paying the sum of two dollars, while persons who had learned to practice such occupation without the State are required to pay the sum of five dollars and to submit to an examination before said board. It is insisted that this discrimination denies to the barbers who do not come within this exemption the equal protection of the laws; and conflicts with the due-process clauses of the State and Federal constitutions. Before a law can be declared violative of these constitutional provisions because it omits certain classes, the court must be able to say that there is no fair reason for not requiring its extension to others whom the act leaves untouched. The selection of the exempted classes is within the legislative power,

subject only to the restriction that it be not arbitrary or oppressive, and apply equally to all persons similarly situated. This act is not unconstitutional because its provisions do not apply to those who were engaged as barbers in this State at the date of its approval and who had been so engaged in this State for three years prior thereto. Dent v. West Va., 129 U. S. 114 (9 Sup. Ct. 231, 32 L. ed. 623) ; Watson v. Maryland, 218 U. S. 173 (30 Sup. Ct. 644, 54 L. ed. 987). "Such exception proceeds upon the theory that those who have acceptably followed the profession in the community for a period of years may be assumed to have the qualifications which others are required to manifest as the result of an examination before a board of medical experts." Watson v. Maryland, supra.

The plaintiffs are residents of Georgia; and it does not lie in their mouths to attack the constitutionality of this statute on the ground that it discriminates against non-resident barbers. Only those whose rights are directly affected can properly question the constitutionality of a State statute. *Eliopolo* v. *Stubbs,* 143 *Ga.* 602 (3) (85 S. E. 853) ; Hatch v. Reardon, 204 U. S. 152, 161, 27 Sup. Ct. 188, 51 L. ed. 415, 9 Ann. Cas. 736) ; Williams v. Walsh, 222 U. S. 415 (32 Sup. Ct. 137, 56 L. ed. 253) ; Collins v. Texas, 223 U. S. 288, 295 (32 Sup. Ct. 286, 56 L. ed. 439) ; M., K. & T. R. Co. v. Cade, 233 U. S. 642 (34 Sup. Ct. 678, 58 L. ed. 1135) ; Hendrick v. Maryland, 235 U. S. 610 (35 Sup. Ct. 140, 59 L. ed. 385).

5. It is next insisted that this act is unconstitutional because of the classification of the towns and cities therein provided. It is contended that such classification has no reasonable relation to the subject-matter of the statute, and is arbitrary and capricious. The purpose of the act is "to insure the proper sanitary conditions in barber shops, and to prevent the spreading of disease in the State of Georgia." Is the application of this law to barbers in towns or cities having populations in excess of five thousand inhabitants, without some reasonable relation to its subject-matter? Is such classification unnatural, arbitrary, and capricious? The legislature may make classifications for the purpose of legislation. It may classify cities. The classification must have some reasonable relation to the subject-matter of the statute. There must be a legitimate ground for differentiation. Arbitrary or capricious

38

discriminations are not permissible under the constitution. *Stewart* v. *Anderson,* 140 *Ga.* 31, 33 (78 S. E. 457). A State statute which, in carrying out a public purpose, is limited in its application, is not a denial of the equal protection of the laws, within the meaning of the fourteenth amendment to the constitution of the United States and of the similar provision in our State constitution, if, within the sphere of its operation, it affects all persons similarly situated. Barbier *v.* Connolly, 113 U. S. 27 (5 Sup. Ct. 357, 28 L. ed. 923). So a statute making it unlawful for mine owners, employing ten or more miners underground and paying therefor by the ton mined not to screen the coal before it is weighed, was held valid, and it was not an unreasonable classification to divide coal mines into those where less than ten miners were employed and those where more than that number were employed. McLean *v.* Arkansas, 211 U. S. 539, 546 (29 Sup. Ct. 206, 53 L. ed. 315). There is more reason for dividing towns and cities into those having five thousand or more inhabitants and those having less than that number than there is in dividing mines into those working ten miners or more and those working less. So a classification in a State statute prohibiting drumming or soliciting on trains for business for certain named establishments was held by the Supreme Court of the United States to be a reasonable classification, and was upheld. Williams *v.* Arkansas, 217 U. S. 79 (supra).

The spread of disease by unsanitary barbers or barber-shops will affect more people in large towns or cities than small ones. The character of barbers and barber-shops is more generally known in villages than in large towns; and villagers can more easily protect themselves against unsanitary barbers. Knowledge of the personal and professional habits of barbers and of the condition of barber-shops is more easily acquired in small towns than in large cities. The business of the barber may be everybody's business in the hamlet or small town. This may not be so in large towns. In small towns everybody knows the barber, his shop, and his personal and professional habits of cleanliness. The relation between barbers in small centers of population and their customers is closer and more intimate than in populous cities. This relation is friendlier in the small town than in the big one. If the barber in a small town has a communicable disease, knowl-

edge of this fact spreads rapidly in a village. Knowledge of such a fact travels more slowly in a city. If a customer catches a contagious disease from a village barber, this becomes common knowledge at once of all the villagers. This is not so in Atlanta, Augusta, Macon, or Savannah.

For these reasons customers of barbers in large towns need greater protection than those of barbers in small ones. Other reasons can be given to justify this classification; but we deem the above sufficient. So we reach the conclusion that this classification has a reasonable relation to the subject-matter of this statute; and that the statute is not unconstitutional for any of the reasons assigned.

We do not deal with any questions raised by the petition in this case except the constitutionality of this act, as that was the only question decided by the judge below by the agreement of the parties. *Judgment affirmed. All the Justices concur.*