DAVIS *v.* BOARD OF EDUCATION OF
COFFEE COUNTY *et al.*

No. 16000.   NOVEMBER 13, 1947.

*Spalding, Sibley, Troutman & Kelley,* and *James A. Branch Jr.,* for plaintiff.

*J. R. Walker, Solicitor-General, M. L. Preston,* and *G. H. Mingledorff,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) ■ Art. 1, sec. 4, par. 2, of the Constitution of 1945 (Code, Ann. Supp., § 2-402), provides: "Legislative acts in violation of this Con-

stitution, or the Constitution of the United States, are void, and the judiciary shall so declare them." But before an act of the legislature will be declared unconstitutional, the conflict between the act and the fundamental law must be clear and palpable. *Wellborn* v. *Estes,* 70 *Ga.* 390. Every presumption will be made in favor of the constitutionality of an act of the legislature. *Allison* v. *Thomas,* 44 *Ga.* 649. Since the legislature, as well as the courts, is bound by the Constitution, and the members of that body, like ourselves, are sworn to maintain it, and all presumptions are in favor of the constitutionality of an act of the legislature, this court will not set aside a solemn act of that body in a doubtful case. *Macon & Western R. Co.* v. *Davis,* 13 *Ga.* 68 (8), 83; *Wright* v. *Hirsch,* 155 *Ga.* 229, 233 (116 S. E. 795); *State Ports Authority* v. *Arnall,* 201 *Ga.* 713 (41 S. E. 2d, 246). These elementary principles do not require any elucidation. They have become firmly imbedded in the constitutional law of the State, and should not be departed from. On the other hand, it is equally as fundamental that, where an act of the legislature is clearly in conflict with the Constitution, it is the duty of this court so to declare it. Guided by these principles, we shall now examine the act in question to see if it violates the Constitution of this State for any of the reasons assigned.

■ One of the attacks made upon the act of 1947 is that it offends art. 1, sec. 4, par. 1 of the Constitution of 1945, which provides in part: "Laws of a general nature shall have uniform operation throughout the State and no special law shall be enacted for any case for which provision has been made by an existing general law." If this contention is meritorious, then the other questions presented by the writ of error become moot. Pursuant to art. 8, sec. 5, par. 1, of the Constitution of 1945, the legislature by the enactment of House Bill No. 793, supra, amended Chapters 32-9, 32-11, and 32-14 of the Code of 1933, as amended. By that act all local school districts (except independent school districts) in each county of this State were merged into one school district. *Nelms* v. *Stephens County School District,* 201 *Ga.* 274 (39 S. E. 2d, 651). And by section 23 of the same act the County Board of Education in each county, as the governing body of the newly created school district, is expressly authorized, when it "shall deem it to the best interest of educa-

tion in the county to incur any bonded debt for building, equipping, or purchasing sites for the building and equipping of schoolhouses," to submit that issue to the qualified voters of the district to be determined at an election held for that purpose in the manner and way provided by law. Clearly, at the time of the passage of the act under attack, Title 32, Chapters 9, 11, and 14 of the Code of 1933, as amended prior to 1946 and by the act of 1946, was a general law of force in this State upon the subject-matter with which it dealt, namely, the establishment of school districts and the issuance of bonds for financing the purchase of school sites and the building and equipping of schoolhouses in the several school districts of this State, and no contention is here made to the contrary. It is a well-settled proposition of law that, if the act of 1947, amending the act of 1946 and Chapter 32-9 of the Code of 1933, as it undertakes to do, is a special law dealing with a subject-matter for which provision has been made by an existing general law, then the act does offend the Constitution, and is null and void. *Hood* v. *Burson*, 194 *Ga.* 30 (20 S. E. 2d, 755), and the cases there cited. A very casual examination of the amending act of 1947 will disclose that its primary purpose was to provide for the acquisition of schoolhouse sites, the building and equipping of schoolhouses and a scheme for financing such undertakings in local schoolhouse districts to be established in some of the counties of this State. The object of the general law on that subject, which was of force in this State at the time of the passage and approval of the act in question, was to accomplish the same result in all of the several counties of the State. Therefore we think that the amending act of 1947 undertook to deal with a subject-matter for which provision has been made by an existing general law; and having reached that conclusion, we next look at the act to see if it is in its operation general or special, because if it is of the latter class it must fall because of the assault here made upon it. Section II (c) of the act provides: "Nothing contained in this act shall apply to any school system in the counties of Polk, Liberty, Long, Thomas, and Union." By express terms the provisions of the act can never apply to these five counties. Such exception, of course, prevents the act from having uniform operation throughout the State; and lacking in territorial generality, it

must necessarily fall in the class of special legislation. *Mathis* v. *Jones,* 84 *Ga.* 804 (11 S. E. 1018); *Thomas* v. *Austin,* 103 *Ga.* 701 (30 S. E. 627); *Futrell* v. *George,* 135 *Ga.* 265 (69 S. E. 182). In the *Thomas* case, supra (page 704), this court said: "If, therefore, a statute should except from its operation even one county, either by name, or by the use of such words as clearly indicate that the law can never apply to such county, the act is lacking in the feature of 'territorial generality', and is, therefore, not a general law."

Tested by the rules which we have stated, and as they have been frequently announced by this court, we are of the opinion that the act of March 27, 1947, under consideration is repugnant to the above-stated provision of the Constitution, and is therefore unconstitutional, null, and void. This case is not altered by the fact that the act held to be unconstitutional purports to be an amendment to the act of 1946, and amendatory to the school law embraced in the Chapters of the Code of 1933 referred to. We think that, after general laws are enacted and put in force, they can be, as was said by Chief Justice Bleckley in *Mathis* v. *Jones,* supra, "killed but not multilated; the smallest of their territorial members can not be cut off. There is no way to convert a statute territorially general into one territorially special. It may be altered at will save that whilst it has life it must live over the State with equal vigor, and can be excluded from no nook or corner in which there is a subject-matter for its operation. Any of its attributes may be changed or destroyed except its territorial generality and uniformity. These must be as enduring as its life."

It necessarily follows from what we have held above that the issue of bonds here involved should not have been validated and it was error to do so.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*