SUBMITTED JANUARY 12, 1959—DECIDED FEBRUARY 6, 1959.

## 20315. HORTMAN *v.* YARBROUGH *et al.*

694

*Nelson & Nelson, Carl K. Nelson, Ross & Ross, A. Russell Ross,* for plaintiff in error.

*Eugene Cook, Attorney-General, J. R. Parham, John L. York, Assistant Attorneys-General, Paul M. Conaway,* contra.

WYATT, Presiding Justice. 1. The contention of the plaintiff in error that the act of the General Assembly under attack is unconstitutional because "it violates the due-process clauses of the Constitution of the United States and the privileges and immunities clauses thereof, as set forth in the 5th and 14th amendments thereto [Code, Ann., §§ 1-805, 1-808] . . . and the said act likewise violates the due-process clause of the Constitution of Georgia (Code, Ann., § 2-103)," for stated reasons, is without merit for the reasons stated by this court in *Holcomb* v. *Johnston,* 213 *Ga.* 249 (98 S. E. 2d 561).

2. It is further contended, however, that Ga. L. 1956, pp. 25-27, is unconstitutional, in that it violates art. I, sec. IV, par. I

(Code § 2-401) of the Constitution of the State of Georgia, which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." The act brought into question in the instant case is Ga. L. 1956, p. 25, which amended Code § 84-702 as amended by Ga. L. 1949, p. 1367, providing that the Board of Dental Examiners of Georgia may bring an equitable petition to enjoin any person, firm, or corporation from engaging in the practice of dentistry without being registered or licensed to do so. The act of 1956 then provides as follows: "It shall not be necessary in order to obtain the equitable relief herein provided for the Board of Dental Examiners to allege and prove there is no adequate remedy at law. It is hereby declared that such unlicensed activities are a menace and a nuisance dangerous to public health, safety and welfare."

It is contended that the provision above quoted, to the effect that, "It shall not be necessary in order to obtain the equitable relief herein provided for the Board of Dental Examiners to allege and prove there is no adequate remedy at law." is unconstitutional and void because it is a special law enacted in a case for which provision has been made by an existing general law in violation of art. I, sec. IV, par. I (Code, Ann., § 2-401). The general laws which it is alleged are contrary to the above-quoted provision of the act of 1956 are Code § 37-102, which sets out the grounds for equitable relief, and Code § 37-120, which declares that equity will not take cognizance of a plain legal right.

The practice of dentistry is a "profession affected with a public interest". It has been so held by this court in *Holcomb* v. *Johnston*, 213 *Ga.* 249, supra, and so declared by the General Assembly in the very act here attacked (Ga. L. 1956, p. 25). As such, it is subject to reasonable regulation by the General Assembly. This being true, it is competent for the General Assembly to provide machinery to enforce compliance with the regulations it enacts for this purpose. *Eliopolo* v. *Stubbs*, 143 *Ga.* 602, 604 (85 S. E. 853).

The question presented here, therefore, is whether or not the method selected by the General Assembly to enforce compliance

with the regulation which requires the procuring of a license prior to engaging in the practice of dentistry is reasonably calculated to obtain the desired result. In *Eliopolo* v. *Stubbs,* 143 *Ga.* 602, 605, supra, this court had under consideration an act providing that a so-called "blind tiger" could be enjoined by a private person without any showing of special injury. It was there held: "It is well settled that there is no inherent right in a citizen to sell intoxicating liquors at retail. It is not a privilege of a citizen of the United States. It may be entirely prohibited by State legislation, or be permitted under such conditions as will limit its evil. . . Having the right to prohibit the sale, it is just as much within the constitutional power of the legislature to provide a specific civil remedy to root out the evil of the business, at the suit of a private citizen, as it is to enforce the legislative prohibition of the sale by a public prosecution of the retailer. Its provisions extend to all who engage in the illegal sale of liquor." Further along in the same opinion, it is stated: "When the act is so construed, it is in effect a declaration by the legislature that a blind tiger is a public nuisance, and may be abated by injunction issued upon application of any citizen of the county without regard to whether there are other remedies which might or might not bring about this result."

Likewise in the instant case, the legislature has classified all persons engaging in the practice of dentistry without a license as a nuisance dangerous to public health, safety and welfare, and has provided that the Board of Dental Examiners may enjoin them from continuing to practice dentistry without a license without regard to whether "there are other remedies which might or might not bring about this result." *Eliopolo* v. *Stubbs,* supra.

"Our State constitution only requires a law to have uniform operation; and that means that it shall apply to all persons, matters or things which it is intended to affect. If it operates alike on all who come within the scope of its provisions, constitutional uniformity is secured. Uniformity does not mean universality. This constitutional provision is complied with when the law operates uniformly upon all persons who are brought within the relations and circumstances provided by it." *Cooper* v. *Rollins,* 152 *Ga.* 588, 592 (110 S. E. 726, 20 A.L.R.

1105). The law in the instant case does act uniformly upon all who come within the scope of its provisions. That is, all persons, firms, or corporations which undertake to practice dentistry without a license may be enjoined upon equitable suit by the Board of Dental Examiners without regard to whether there may be some other legal remedy which might obtain the same result. The classification made by the legislature in this case is reasonably related to the purpose of the legislation and the method chosen to enforce this regulation of the dental profession is reasonably calculated to obtain the desired result. The law is, therefore, a general and not a special law and does not offend art. I, sec. IV, par. I of the Constitution of Georgia.

3. From what has been said above, it appears that the act of the General Assembly enacted in 1956 (Ga. L. 1956, p. 25) is not unconstitutional for any reason alleged, and it was not error to overrule the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*