### 20944. STUDSTILL *et al.* v. GARY *et al.*

CANDLER, Justice. The Democratic Executive Committee of Dodge County called and held a primary election on March 30, 1960, for the purpose of nominating its candidates for county offices. The plaintiffs, alleging themselves to be citizens, residents, and taxpayers of Dodge County, brought this litigation against the several individual members of the party's executive committee, and prayed that the primary election of March 30, 1960, be declared null and void, and that the defendants, as such party officials, be enjoined from certifying the names of those nominated in such primary to the Ordinary of Dodge County for placement on the county's official ballot for the November 1960 general election. Their petition alleges that such primary election was null and void, since an act the General Assembly passed in 1959 (Ga. L. 1959, p. 2725) requires any political party desiring to hold a primary election for the purpose of choosing or selecting candidates for county offices of Dodge County to hold such primary election on the second Wednesday in May during the year in which county officers are elected, and at no other time. The defendants, demurring to the petition, attacked the constitutionality of the 1959 act on the ground that it, as a local or special act applicable only to Dodge County, conflicts with the provisions of an existing and specified law, which provides for the holding of such primary elections for county officers, and therefore offends art. 1,

sec. 4, par. 1 of the Constitution of 1945 (*Code* § 2-401) which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." This ground of the demurrer was sustained and the exception is to that judgment. *Held:*

1. Section 1 of an act approved October 21, 1891 (Ga. L. 1890-91, p. 210) provides in part that every primary election held by any political party, organization, or association for the purpose of choosing or selecting candidates for office or the election of delegates to conventions in this State shall be presided over and conducted in the manner and form prescribed by the rules of the political party, organization, or association holding such primary election by managers selected in the manner prescribed by such rules. And section 3 of the same act declares that every such primary' election shall be held at the time and place and under the regulations prescribed by the rules of the party, organization, or association holding the same. Such act has, since its passage, undergone many legislative changes respecting the manner and time for holding primary elections by political parties for State and Federal offices; however, we will not here undertake to mention any of those changes. But with respect to primary elections which a political party holds in this State for the purpose of choosing or selecting its candidates for county offices except in those counties having a population of not less than 200,000 and not more than 500,000 according to the 1940 or any future census of the United States (Ga. L. 1941, p. 431), it is still the general law of this State that every such primary' election shall be held at the time and place and under the regulations prescribed by the rules of the political party holding the same, and the return shall be made and the result declared as prescribed in Chapter 34 of the Code of 1933. See *Code* § 34-3210.

2. Since the attacked act of 1959 applies only to Dodge County —a county which we judicially know has a population of less than 200,000, and since it deals with a subject matter for which provision has been made by an existing general law, it is settled by many decisions of this court that it is, as contended, repugnant to art. 1, sec. 4, par. 1 of the Constitu-

tion of 1945 (*Code* § 2-401); and being so, it is therefore null and void. As authority for the ruling here made, see *City of Atlanta v. Hudgins*, 193 Ga. 618 (19 S. E. 2d 508); *Davis v. Board of Education of Coffee County*, 203 Ga. 44 (1) (45 S. E. 2d 429); *Calhoun County v. Early County*, 205 Ga. 169 (1) (52 S. E. 2d 854); and *Giles v. Gibson*, 208 Ga. 850 (69 S. E. 2d 774).

3. The rulings made in the two preceding divisions are controlling and effectively dispose of all questions which the writ of error presents for decision.

*Judgment affirmed. All the Justices concur.*

Argued July 11, 1960—Decided September 8, 1960.

*Ross & Ross, A. Russell Ross,* for plaintiffs in error. *Smith & Harrington, Will Ed Smith,* contra.