21587. DAVIS, Mayor, *et al.* v. PAGE *et al.*, Aldermen.

CANDLER, Justice. Section 9 of the charter, which the legislature granted the City of Nichols in 1920 (Ga. L. 1920, p. 1329), provides for the election of a mayor and five aldermen on the third Saturday in December of each year. Pursuant to that provision of its charter, December 16, 1961, was the appointed time for the city to elect such officers for 1962. On December 14, 1961, Larry J. Page, Amos Odom, and R. H. Williams, three of the city's aldermen, filed a petition against Steve Davis, as the city's mayor, and against J. W. Cole and Ernest Taylor, as the city's other two aldermen, and prayed that they be enjoined from holding the election on December 16, 1961, alleging as their ground for such relief that defendants had refused to call a special meeting of the city's governing body for the purpose of selecting managers or poll-holders

for the election and had in their individual capacities made such selections over their objection and protest. On presentation of their petition, the judge ordered it filed, set a hearing for December 22, 1961, and restrained the defendants from holding the election until further order of the court. At the hearing on December 22, 1961, the judge overruled a general demurrer and some of the special demurrers interposed to the petition and sustained the others; and by the same order directed all of the parties to meet in special session on the following day for the purpose of selecting qualified election managers or poll-holders; restrained the defendant Davis, as mayor, from exercising his veto power with respect to such selections and fixed December 30, 1961, as the date for holding the election. This judgment was timely excepted to by the defendants. The election was held on December 30, 1961, and the defendants on January 2, 1962, filed a motion to declare the purported election of December 30, 1961, void because it was held on that date over their protest and because of numerous alleged irregularities in the manner in which it was actually held. Their motion was dismissed and they excepted also to that judgment. *Held*:

It is settled in this State and in many other jurisdictions of this country that an election is absolutely void when not held at the proper time and place by persons qualified to hold it. *Code* § 34-3101; *Walker v. Sanford,* 78 Ga. 165 (1 SE 424); *Studstill v. Gary,* 216 Ga. 268 (116 SE2d 213); *Mangum v. Dorn,* 217 Ga. 66 (121 SE2d 145); 18 Am. Jur. 250, § 112; 29 C.J.S. 101, §§ 76-77. And this mandatory requirement that an election in order to be valid must be held at the time fixed therefor by law is not altered nor diminished in any degree by the fact that it was held in obedience to a court order at a time other than the one fixed by law for holding it. In the very nature of things, a court lacks jurisdiction to authorize or compel the holding of a void election; and as previously stated, an election is void when it is not held at the time fixed therefor by law. For a like ruling, see Corey v. Hardison, 236 N.C. 147 (72 SE2d 416). In that case Judge Ervin prepared the opinion for the North Carolina court and as authority for the ruling there made cited and relied on cases from the highest courts in ten other states of this country. This court has many times said that when a court has no authority to act, its acts are void and may be treated as

nullities anywhere, at any time, and for any purpose. For some of the cases so holding, see *Deans v. Deans*, 164 Ga. 162 (1) (137 SE 829), and the several cases there cited. Since the trial judge had no legal authority to fix a date for holding the election different to the one fixed by the city's charter, it necessarily follows that the order fixing December 30, 1961, as the date for holding the election was void and the election held pursuant thereto was a nullity. The restraining order which the judge granted in this case on December 14, 1961, had the effect of completely defeating the city's charter right to have the qualified voters thereof elect its governing officers for 1962 at the only time they could legally do so. For the reasons stated, the two judgments excepted to are erroneous, and there is no merit in the motion to dismiss the writ of error on the ground that all of the questions presented by it are moot.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 12, 1962—DECIDED APRIL 5, 1962.

*J. Laddie Boatright, Robert B. Sumner,* for plaintiffs in error. *E. R. Smith, Jr.,* contra.