25115. JACKSON, Superintendent of Banks v. LONG.

ARGUED APRIL 16, 1969—DECIDED APRIL 24, 1969.

228

*Arthur K. Bolton, Attorney General, J. Robert Coleman, Robert J. Castellani, Assistant Attorneys General,* for appellant.

*Long & Glean, Nick Long, Jr.,* for appellee.

*Heyman & Sizemore, Lamar W. Sizemore, Ralph G. McCallum, Jr.,* for party at interest not party to record.

DUCKWORTH, Chief Justice. ■ Anyone who has witnessed the agonies of a community caused by an insolvent bank's closing and liquidation will readily agree that banking affects the public interest and welfare, and hence can be regulated by law. The need for a bank, its chances of success, the character of its directors, and a means of keeping a constant public watch over it, at once justify legislation reasonably designed to meet these needs. Incorporation, where the capital is known, where more than one has authority in its operation to protect innocent depositors, where minutes are kept and an examination is easier, all tend to protect the public interest. Indeed this public interest is sufficiently important to justify the State in prohibiting banking in any other manner. Therefore, Ga. L. 1966, pp. 691, 692, is constitutional and valid; likewise, Ga. L. 1966, pp. 692, 716, prescribing terms and conditions for private banks, and prohibiting their operations after a certain date, is for the same reason valid and does not offend "due process," "equal protection" and is not the "taking private property for public purposes without first paying therefor," under either the State or the Federal Constitution. It is noted that the statute, whether or not it could constitutionally do so, does not put a private bank out of business. It merely subjects it to conditions that enable the State to examine and control it to the extent necessary to safeguard the public. All this is supported by Dillingham v. McLaughlin, 264 U. S. 370 (44 SC 362, 68 LE 742); Noble State Bank v. Haskell, 219 U. S. 104 (31 SC 186, 55 LE 112); *Harrison v. Hartford Steam Boiler Inspection &c. Co.*, 183 Ga. 1 (187 SE 648); *Austin v. Augusta Terminal R.*, 108 Ga. 671 (34 SE 852, 47 LRA 755); *Cooper v. Rollins*, 152 Ga. 588 (110 SE 726, 20 ALR 1105); 16 AmJur2d 626, Constitutional Law, § 322; 16 CJS 925, 935, Constitutional Law, §§ 188, 189. We therefore reverse the ruling that either of the 1966 Acts, supra, is unconstitutional.

■ Now we have left Section 48 of Ga. L. 1966, pp. 692, 715 (*Code Ann.* § 13-2348) and the stipulated admission that the defendant was operating a private bank after January 1, 1968, without having a charter and certification to conduct a banking business, in direct conflict with that provision of the law. It is

230

contended that since that section begins with requiring an application within six months of the effective date of the Act, July 1, 1966, and the defendant is conceded to have made application, he is not violating the law even though his application was disapproved and he was not certificated or incorporated under the law. We concede that if sound construction would allow us to isolate this sentence from the entire Act and construe it alone, it would mean "application" alone as a requirement, but this cannot be done. It must be construed along with the entire Act, and the legislative intent as disclosed by the entire Act must be given effect. Section 11 (b) (*Code Ann.* § 13-2311; Ga. L. 1966, pp. 692, 699) allows a six-month period in which to comply with the requirements set forth by the superintendent, and all statutes with reference to private banks are specifically repealed eighteen months after the effective date of the Act on July 1, 1966, thereby making all private banks cease operating by January 1, 1968, unless they have obtained a charter or are certificated banks. It would be empty and futile to require an application, and, when it is justifiably denied, permit the private bank to continue operation, thus defeating the sole purpose of the law. We therefore hold that a private bank must get certificated as provided by the Act by January 1, 1968, or cease doing a banking business within six months after disapproval of its application.

■ But it is contended that the superintendent is not authorized to bring this action. The duties placed upon him to protect the public against unsafe banks, and the expressed authority to sue to enforce the banking law fully clothe him with power to bring this suit. *Code Ann.* § 13-2306 (Ga. L. 1966, pp. 692, 696). We have not dealt with the superintendent's disapproval of the application and his reasons therefor, since the defendant is clearly operating contrary to law. Whether or not he could by mandamus compel the superintendent to perform his duties if he was dissatisfied with his refusal to approve the application is not here involved.

It follows that the trial court erred in rendering the judgment appealed from.

*Judgment reversed. All the Justices concur.*