A96A1449. DEPARTMENT OF HUMAN RESOURCES
v. PHILLIPS.
(478 SE2d 598)

The Court of Appeals desires instruction from the Supreme Court upon the following question, a determination of which is necessary for a decision on an issue in this case. Ga. Const. of 1983, Art. VI, Sec. V, Par. IV; Art. VI, Sec. VI, Par. III (7). It is also authorized by law to respond. OCGA § 15-2-8 (2) and (7).

The question is whether the application of OCGA § 50-21-29 (b), the portion of the 1992 Georgia Tort Claims Act which limits the amount of damages recoverable against the State, as defined in the Act (OCGA §§ 50-21-20, 50-21-22 (5)), to the judgment in this case would abridge plaintiff's state constitutional rights against retroactivity as provided in Ga. Const. of 1983, Art. I, Sec. I, Par. X. See OCGA § 50-21-27 (a).

This wrongful death and personal injury case arose out of the death of 30-year-old mental patient Lisa Phillips at Central State Hospital on February 2, 1992. The Act became effective July 1, 1992 (Ga. L. 1992, pp. 1883, 1895, § 2), and suit was filed on February 2, 1994, by Lisa's mother individually and as administratrix of her daughter's estate ("Phillips"). As a result of a trial lasting nearly two weeks one year ago, the jury awarded $2 million for the full value of Lisa Phillips' life and $1.5 million for pain and suffering. The court entered judgment 11 days later, in the full amount, with $1.5 million for the mother as administratrix and $2 million for her individually and as personal representative of Lisa. The defendant Georgia Department of Human Resources ("DHR") appealed to this Court from the judgment.

The first three enumerations of error relate to the judgment. DHR contends that the trial court erred by failing to reduce the verdict to conform to the pre-trial order, by entering judgment in an amount greater than permitted by the Act, and by including punitive

damages which are unavailable under the Act. Section 29 (b) of the Act provides that, in a case such as this, "no person shall recover a sum exceeding $1 million because of loss arising from a single occurrence, regardless of the number of state government entities involved; and the state's aggregate liability per occurrence shall not exceed $3 million." OCGA § 50-21-29 (b). Appellee Phillips argues that these caps are unconstitutional.

The Supreme Court has exclusive appellate jurisdiction of such an issue. Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). The case is not amenable to transfer because the DHR as appellant does not contend that the limitation is contrary to the constitution. Its position is that there is no constitutional impediment to the application of the cap, and that the trial court erred in not reducing the judgment to conform to it. It is appellee Phillips, urging affirmance of the judgment, who argues that the statute is unconstitutional. The issue is unavoidable. We could presume constitutionality, *Davis v. Bd. of Ed. of Coffee County*, 203 Ga. 44, 45 (45 SE2d 429) (1947), reverse the judgment and remand the case with instruction to reduce the judgment accordingly. That would merely decide constitutionality sub silentio and prompt a petition for certiorari. The more direct and proper approach is to seek instruction at this stage, so as not to delay the appellate process and to resolve the issue definitively before DHR's other enumerations are addressed.

The issue is ripe for appellate review. It does not matter whether plaintiff Phillips is regarded as one person or as two persons (administratrix and next-of-kin), because whether considered as separate capacities or as one "person," the statutory cap of $1 million is exceeded. Thus it is not merely a matter of statutory construction, over which this Court has jurisdiction. The ruling in *Smith v. Mem. Med. Center*, 208 Ga. App. 26, 27 (1) (430 SE2d 57) (1993), if applicable to OCGA § 50-21-29 (b), will not resolve the problem.

The question was properly raised and preserved in the trial court, to the extent that it could be, which is a prerequisite to consideration of such an issue on appeal. *Hardison v. Haslam*, 250 Ga. 59, 61 (3) (295 SE2d 830) (1982); *Walker v. Hall*, 226 Ga. 68, 69 (172 SE2d 411) (1970). Phillips did almost everything she could do to raise the question and obtain a trial court ruling on it, when the problem surfaced from being merely hypothetical or potential. Up until there was a verdict exceeding the statutory limit, no ruling was required.

Immediately after the return of the verdict totaling $3.5 million and the poll of the jury, after the jury was excused, DHR moved that the verdict be reduced by the court, and Phillips indicated that it might be necessary to attack the constitutionality of the cap. She sought opportunity to research the matter of the amount of the judgment, and the court acceded. Several letter briefs were submitted by

both parties, and each addressed the issue of constitutionality. It was pivotal, as the court could not enter a judgment in conformity with the verdict without bypassing the statute.

Phillips fought to retain the amount of the verdict in the judgment by attacking the cap statute. DHR sought to preclude a ruling on the constitutionality of the limitation by its brief in opposition to Phillips' motion for entry of an order supplementing the record. DHR opposed the supplementation at the hearing on the motion, but agreed that Phillips' exhibits were the documents sent to the court before it entered the judgment. The trial court memorialized by order that, in the course of the hearing on Phillips' motion, the record was supplemented by agreement to include certain documents exchanged among the court and counsel. The court further ordered that the transcript of the hearing be included in the record on appeal.

This composite post-verdict record demonstrates clearly that the issue of constitutionality was raised and argued by Phillips repeatedly, to counter DHR's demand that the verdict be reduced in the judgment. In response to the assertion that the attack was untimely, Phillips pointed out that "Any attack prior to the jury's verdict would have been premature, non-ripe, non-justiciable, and the like. The issue could not have been raised, and should not have been raised until now." Had the issue been raised, briefed, argued and ruled on earlier in a hypothetical context, it very well could have become moot. Phillips, in raising the question when the verdict actually exceeded the limit, met the three prerequisites identified in *Blackston v. Dept. of Natural Resources*, 255 Ga. 15, 18 (334 SE2d 679) (1985).

DHR contended that the pretrial order controlled, so as to limit the judgment to the statutory amount, but the court was not persuaded. It entered judgment for the full amount, thus by unspoken ruling holding that the limitation fell to constitutional commands.

DHR had the option of not challenging the amount of the judgment and pursuing only its other enumerations of error, or challenging the amount of the judgment as contrary to the statute and facing a ruling on constitutionality. It chose the latter, and even though it seeks to avoid the ruling by arguing that it was not properly raised and ruled on, the issue is clearly presented. DHR's filing the appeal in this Court does not preclude the issue either, as we are authorized to certify the question as we now do.

The Clerk of this Court is directed to prepare a certified copy of the foregoing question and transmit the same, together with the record in this case, to the Supreme Court of Georgia.

Decided October 23, 1996 —
Reconsideration dismissed November 13, 1996.