## S99A1159. WRZESINSKI v. THE STATE.
(522 SE2d 461)

CARLEY, Justice.

Jimmy Wrzesinski operated a dental lab, but was not licensed to practice dentistry. At Wrzesinski's place of business, he took impressions of teeth for the purpose of making appliances usable as teeth, which appliances were not ordered by and returned to a licensed den-

tist. Under OCGA § 43-11-50, it is unlawful to practice dentistry without a license and, pursuant to OCGA § 43-11-17 (a) (6), a person "shall be regarded as practicing dentistry" if he or she "[m]akes, repairs, adjusts, or relines appliances usable on teeth or as teeth unless such appliances, repairs, adjustment, or relines are ordered by and returned to a licensed dentist. . . ." After the grand jury indicted Wrzesinski for the crime of practicing dentistry without a license, he filed various pre-trial motions attacking the constitutionality of OCGA §§ 43-11-17 (a) (6) and 43-11-50. The trial court denied those motions and, sitting without a jury, found Wrzesinski guilty. He appeals from the judgment of conviction and misdemeanor sentence entered by the trial court on its finding of his guilt.

1. Wrzesinski contends that OCGA § 43-11-17 (a) (6) violates the state constitutional due process, equal protection, and anti-monopoly provisions.

In *Holcomb v. Johnston*, 213 Ga. 249 (98 SE2d 561) (1957), this Court upheld the constitutionality of the predecessor statute to OCGA § 43-11-17 (a) (6) as against a due process challenge. "There can be no doubt that the practice of dentistry is affected with the public interest, and to insure protection of the public health and welfare the profession of dentistry is a logical subject for regulation by the legislature. [Cit.]" *Holcomb v. Johnston*, supra at 252. "Since it is necessary that a dentist take the impression and adjust the fitting after it is made, the regulation allowing such appliances to be 'ordered by and returned to a licensed dentist' is not unreasonable." *Holcomb v. Johnston*, supra at 253. In *Hortman v. Yarbrough*, 214 Ga. 693 (107 SE2d 202) (1959), we held that the former statute was not an unconstitutional special law.

> The law in the instant case does act uniformly upon all who come within the scope of its provisions. . . . The classification made by the legislature in this case is reasonably related to the purpose of the legislation and the method chosen to enforce this regulation of the dental profession is reasonably calculated to obtain the desired result. The law is, therefore, a general and not a special law. . . .

*Hortman v. Yarbrough*, supra at 697 (2). In considering a multifaceted attack upon the constitutionality of the predecessor statute in *Clark v. Bd. of Dental Examiners*, 240 Ga. 289, 294 (4) (240 SE2d 250) (1977), we concluded that the holding in *Holcomb*, supra, "is broad enough to uphold the statute's constitutionality as against the . . . attacks here made."

These cases are controlling here. OCGA § 43-11-17 (a) (6) does not, as Wrzesinski contends, deny citizens the right to transact busi-

ness without discrimination, since there is no right to practice dentistry without a license or state regulation. *Holcomb v. Johnston*, supra. Moreover, the statute applies uniformly to all who come within the scope of its provisions, because it is applicable to "all persons, firms, or corporations which undertake to practice dentistry without a license. . . ." *Hortman v. Yarbrough*, supra at 697 (2). As to Wrzesinski's assertion that the statute encourages a monopoly, this Court upheld the constitutionality of the predecessor statute as against the contention that it would "result in the control of such vocation being in the hands of the licensed dentists of this State." *Holcomb v. Johnston*, supra at 252.

In *Clark v. Bd. of Dental Examiners*, supra, we rejected the claim that the statute is overly broad. Since the decision in *Clark*, the General Assembly amended OCGA § 43-11-17 so as to proscribe the unlicensed practice of dentistry even if no fee is charged. Wrzesinski urges that this amendment renders the statute unconstitutionally overbroad. However, Wrzesinski has no standing to make this constitutional attack, because it is undisputed that he charged a fee. *Stover v. State*, 256 Ga. 515, 516 (1) (350 SE2d 577) (1986); *Foster v. State*, 250 Ga. 269, 270 (297 SE2d 262) (1982).

2. Wrzesinski also contends that OCGA § 43-11-50 is unconstitutional because the 1992 statute which enacted it "refers to more than one subject matter. . . ." Ga. Const. of 1983, Art. III, Sec. V, Par. III. To the contrary, however, this enactment addresses only health related professions and amends only Chapters 11 and 34 of Title 43. Ga. L. 1992, p. 2062. The 1992 Act is simply comprehensive legislation in the area of regulation of health professions and, therefore, is not unconstitutional. See *Lord v. State*, 235 Ga. 342, 344 (7) (219 SE2d 425) (1975); *Crews v. Cook*, 220 Ga. 479 (139 SE2d 490) (1975).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1999 —
RECONSIDERATION DENIED NOVEMBER 15, 1999.

*Groover & Childs, Denmark Groover, Jr.,* for appellant.
*Charles H. Weston, District Attorney, Robert J. Lasseter, Howard Z. Simms, Assistant District Attorneys,* for appellee.